## AMERICAN EMPLOYERS' INS. CO. v. SCOTT.

### No. 750.

Court of Civil Appeals of Texas. Eastland.

Nov. 21, 1930.

Rehearing Denied Jan. 9, 1931.

Scott, Brelsford, McCarty & Brelsford, of Eastland, for appellant.

Bryan H. Atchison, of Breckenridge, and Will R. Saunders, of Pampa, for appellee.

FUNDERBURK, J.

J. S. Scott filed this suit against American Employers' Insurance Company to set aside an award of the Industrial Accident Board and to recover compensation insurance for total and permanent incapacity alleged to have been sustained while in the employ of the Sedwick Oil Company. The petition alleged the necessary jurisdictional and other facts necessary to show a right of recovery, including allegations that plaintiff's average weekly wage before the injury was $56.25, for which compensation was claimed for 401 weeks at $20 a week. Upon special issues submitted to the jury and answered favorably to the plaintiff, the court gave judgment setting aside the award and decreeing plaintiff a recovery of the lump sum of $6,660.38. From said judgment American Employers' Insurance Company has appealed.

The first question presented involves the jurisdiction of the trial court. It arises upon admitted facts as follows: The award of the Industrial Accident Board was made September 28, 1928; the notice of appellee not

846

to abide by the award was filed with said board October 3, 1928. A similar notice was filed by him with said board October 16, 1928. He filed this suit on October 31, 1928. Upon these facts the trial court overruled a plea of appellant contending that the court was without jurisdiction because the suit was not filed in due time after the time of the filing of said notice.

Under the Workmen's Compensation Statutes, the jurisdiction of a court to review an action of the Industrial Accident Board and to award or deny recovery of compensation is dependent (among other things) upon the following: (1) The fact of filing notice with the board of intention not to abide by the final ruling or decision; (2) the time of filing said notice within twenty days after the date of the award; (3) the filing of the suit in a court of competent jurisdiction to set aside the award; and (4) the time of filing such suit within twenty days after the filing of said notice. R. S. art. 8307, § 5, as amended by Acts 40th Leg. (1927) c. 223, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5); Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1088. The omission of any one of these essentials is fatal to the court's jurisdiction. The question here is not one involving an omission of one or more of these jurisdictional requirements, but is whether the filing of the first notice so fixed the beginning of the twenty-day period of time in which suit was required to be filed as that the filing of the second notice, although in time, could not serve to fix the beginning of such period.

The question was admitted to be one of first impression, and this we believe to be correct, in so far as it is applicable to a case arising under the Workmen's Compensation Laws.

The filing of the notice, although the first and an essential step in perfecting an appeal from the action of the board, does not alone affect the jurisdiction of either the board or the court. The notice alone does not deprive the board of its jurisdiction. Millers' Indemnity Underwriters v. Hayes (Tex. Com. App.) 240 S. W. 904. It is only when suit is timely filed after due notice that, "* * * the vitality and finality of the award is * * * suspended and its subject-matter withdrawn from the board." Mingus v. Wadley, supra. Since the filing of the first notice (or the second either, for that matter) was alone wholly ineffective to influence the question of jurisdiction, it seems to us there would be no difference in this respect in principle between perfecting appeals in ordinary suits and in compensation cases. "Suits to set aside awards are analogous to appeals from trial courts to Courts of Civil Appeals." Mingus v. Wadley, supra. In perfecting appeals in ordinary cases there are also certain requirements that are juris-

dictional. One such requirement, under certain circumstances, is that an appeal bond be filed within a specified time after notice of appeal is given. "* * * The filing of a bond on appeal or writ of error is jurisdictional in those cases, where a bond is required." 3 Tex. Jur. § 224; International-Great Northern Ry. Co. v. Smith (Tex. Civ. App.) 269 S. W. 886; Lynch v. Bernhardt (Tex. Civ. App.) 201 S. W. 1051; Slider v. House (Tex. Civ. App.) 271 S. W. 644; Gray v. Vogelsang (Tex. Civ. App.) 236 S. W. 122.

"The decisions are numerous and uniform to the effect that, if an appeal bond is not filed within the time prescribed, the court of civil appeals acquires no jurisdiction." 3 Tex. Jur. § 227.

In appeals from trial courts and appeals from rulings and decisions of the Industrial Accident Board, the giving of notice is alike jurisdictional. In both, notice is but one step in perfecting an appeal which alone does not transfer or effect jurisdiction. In ordinary suits, the time prescribed after notice of appeal in which to perfect appeal by the filing of a bond is jurisdictional, precisely the same as in compensation suits the time prescribed after notice filed with the board in which to perfect an appeal by the filing of suit is jurisdictional. It is believed that, if a Court of Civil Appeals would acquire jurisdiction in an ordinary suit, where appeal bond is filed in time after a second notice of appeal, but not in time after a prior notice of appeal, then the district court in this case acquired jurisdiction; the suit having been filed in due time, reckoned from the second notice. If so, we are not without precedent to guide us. In Dittman v. Model Baking Co. (Tex. Com. App.) 271 S. W. 75, it was held that the Court of Civil Appeals acquired jurisdiction in a case where the filing of the appeal bond was within the required time after a second notice of appeal, but not in due time after a prior notice of appeal. It was held, and we believe correctly, and are therefore of opinion that it is likewise true here, that the second notice was an abandonment of the first notice. The first notice should therefore be treated as though it was never given. We accordingly hold that the trial court did not err in overruling the plea to the jurisdiction based upon this ground.

The next question presented is also one of jurisdiction, based upon a different theory. Neither the award of the Industrial Accident Board, the pleadings of plaintiff in the case, nor the evidence, shows the amount in dollars of the claim as it was presented to the Industrial Accident Board. It is insisted that, because the evidence does not show that such claim as presented to the board was for more than $500, the district court was not shown to have jurisdiction. It was not necessary that the injured employee state the

amount of his demand in his claim submitted to the board. Texas Employers' Insurance Association v. Nunamaker (Tex. Civ. App.) 267 S. W. 749. It follows that some other test must be employed to determine what court had jurisdiction of the case. It has been held, and correctly so, we think, unless perhaps when the claim itself is affirmatively for a smaller amount, that jurisdiction is determined by the maximum amount of compensation which the law authorizes for the character of injury for which the claim is filed. Texas Employers' Ins. Ass'n v. Nunamaker, supra; Georgia Casualty Co. v. Griesenbeck (Tex. Civ. App.) 210 S. W. 273; Millers' Indemnity Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334.

In this case such jurisdictional amount is fixed by Revised Statutes 1925, art. 8306, § 10, and the district court had exclusive jurisdiction.

■■■ The only remaining question is whether there was any evidence to justify that provision of the judgment awarding a lump sum amount. Appellant construes appellee's pleading to assert no other reason for recovery of a lump-sum amount than that plaintiff required same to enable him, to complete the purchase of a one-half interest in a store and oil service station. We doubt if this is the proper construction of the pleading, but whether so or not, the case was tried some time after suit was filed, and the evidence showed that plaintiff had bought the property and had paid cash for same, but that he had borrowed the money with which to make said purchase and still owed the loan. The real issue was whether it would work a manifest hardship not to award a lump-sum recovery, and the evidence established that issue just as effectively as if it had followed the particular allegations in the pleading. Any variance, we think, could only be taken advantage of by way of objection to the introduction of testimony. We are unable to say that there was no evidence justifying the award of a lump sum amount.

Being therefore of opinion that there was no error in the judgment of the trial court, and that same should be affirmed, it is accordingly so ordered.

Affirmed.

### On Rehearing.

■■■ Appellant, in its motion for rehearing, stresses the contention that: "There was no evidence that appellee had filed with the Industrial Accident Board of the State of Texas, and that said Board had acted on, a claim for damages for an injury for which the maximum amount of compensation authorized by law was in excess of Five Hundred and no/100 Dollars." In discussing this question as one of the two jurisdictional matters presented by the appeal, we meant to say,

but omitted expressly so to state, that we considered the award itself as sufficient evidence. Texas Employers' Insurance Ass'n v. Rodgers (Tex. Civ. App.) 284 S. W. 968, 972. In that case, after suggesting but not deciding that evidence should be adduced before the court to show that claim for compensation under the act had been presented to and acted upon by the board, the court said: "Ordinarily, the order of the board upon a claim for compensation upon its face would show that it was action upon such claim and this would perhaps be sufficient." That the award may be sufficient evidence of like jurisdictional facts seems to be conceded by appellant. In its motion for rehearing it is said: "Had the award been for an amount in excess of Five Hundred and no/100 Dollars, then the award itself would have been sufficient to show that the claim filed with and passed on by the Industrial Accident Board was within the jurisdiction of the district court." We meant to express the view that it was not the amount of the award actually made that was controlling, but rather the maximum amount of the compensation authorized by law for the particular injury, and that therefore the actual award of less than $500 did not render the award insufficient as evidence of a claim presented and acted that was within the jurisdiction of the district court. We did omit, however, to state expressly the recitals in the award, which in our opinion supplied the requisite evidence, (1) to show that there was a claim before the board, and (2) that such claim was one within the jurisdiction (on appeal) of the district court. The award recited that hearing which resulted in same was of "a claim for compensation made and asserted herein by J. S. Scott against the American Employers' Insurance Company," and further that the award was for "total incapacity for the performance of labor." The maximum authorized for "total incapacity" is $8,020. R. S. art. 8306, § 10. The award itself, therefore, by these recitations, showed prima facie the jurisdictional facts that there was a claim before the board, the maximum amount allowable for which was within district court jurisdiction, just as certainly and even more so than if the award had, without such fact appearing, been for a sum in excess of $500. As explanatory of the last statement, suppose the award had been for $600 (a sum within district court jurisdiction), but it had recited that it was for the loss of one toe, not a great toe. In such case the maximum authorized by law would be $200. R. S. art. 8306, § 12. It may be questioned if such an award would be evidence of action upon a claim within district court jurisdiction.

■■■ In Travelers' Ins. Co. v. Peters (Tex. Com. App.) 14 S.W.(2d) 1007, 1008, it was held that it is necessary in a suit filed in any court to set aside an award of the Industrial Accident Board, "to describe the award made by

848

the Industrial Accident Board, in order that the court may determine whether it has jurisdiction of the subject-matter under the claim as made before such Board." This opinion has the express approval of the Supreme Court. It would seem logical that, if a description of the award will, as a pleading, furnish the basis for the proof of jurisdictional facts, then the elements of the description could be proved in no better way than by the terms of the award itself. Until the Legislature shall prescribe how such jurisdictional facts may be shown, or the Supreme Court, by decision or rule do so, we are disposed to hold that the award of the Industrial Accident Board is, for jurisdictional purposes only, evidence of the recitations therein, and it is sufficient to file same in the trial court and include it in the transcript.

In so far as the award or other proceedings shown by certified copy do not disclose the requisite jurisdictional facts, independent proof of same must be made for jurisdictional purposes, and not for the jury, and may appear in the statement of facts.

It is our opinion that the motion for rehearing should be overruled, and it is accordingly so ordered.

HICKMAN, C. J. (dissenting on rehearing).

It is my view that the motion for rehearing should be granted and the cause remanded. There is no evidence that a claim for compensation was ever filed with the Industrial Accident Board, unless the recitals in the award are sufficient evidence of that fact. It seems to me that, if the recitals in the award are sufficient to prove that prerequisite, they could be made sufficient to prove all other jurisdictional prerequisites, such as notice of injury, etc. The appeal is a direct attack, and challenges, among other things, the trial court's jurisdiction. Since the decision in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1087, it has been the settled law in this state that one of the jurisdictional facts necessary to be proved in the trial court in an appeal from an award of the Industrial Accident Board is, "That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board." I cannot agree that this requirement was met by the mere recitals in the award.

In Head v. Texas State Bank, 16 S.W.(2d) 298, we held that in an appeal from a judgment by default in the district court a recital in the judgment that the defendant was "duly cited" was not a showing of the jurisdiction of that court to render a judgment against him. This holding was required by an unbroken line of decisions, some of which were cited in our opinion. There is less reason, it seems to me, for permitting recitals in an award by the Industrial Accident Board to supply jurisdictional facts than there is for permitting recitals in a judgment of the district court to do so.

I therefore respectfully enter my dissent.