AMERICAN GENERAL FIRE AND
CASUALTY COMPANY, Petitioner,

v.

Ben J. WEINBERG, Respondent.

No. C–1008.

Supreme Court of Texas.

June 30, 1982.

Strasburger & Price, Royal H. Brin, Jr.,
Dallas, for petitioner.

Brian A. Eberstein, Dallas, for respondent.

GREENHILL, Chief Justice.

In this worker's compensation case, Ben
J. Weinberg sought damages from American General Fire and Casualty Company
(American General). Weinberg originally
presented his claim to the Industrial Accident Board (Board). It held that he had
not filed the claim on time.

Weinberg attempted to challenge that
ruling. He brought suit (under Article 8307

1. Statutory references are to Vernon's Texas

Section 5)[1] in the district court, which
granted summary judgment for American
General. It held that Weinberg had not
filed this suit on time. The Court of Appeals reversed that judgment and remanded
the cause to the trial court. 626 S.W.2d at
555.

The Court of Appeals based its judgment
on a point neither party had assigned, i.e.,
on unassigned error. The court itself found
what it obviously regarded as fundamental
error. In so doing, it erred. We, therefore,
reverse the Court of Appeals judgment and
affirm the judgment of the trial court.

In his petition before the district court,
Weinberg alleged that around December 26,
1975, he hurt his back "on the job." Some
five weeks later, Weinberg told his employer about the alleged injury. The employer
notified the Board. On July 12, 1978, the
Board denied Weinberg's compensation
claim.

On July 17, 1978, by certified mail, return
receipt requested, Weinberg notified the
Board's Austin office that he would appeal
the Board's decision (the first notice). The
return receipt was received. In his reply to
American General's application for writ of
error, Weinberg asserts that after July 17,
1978, he became worried that the Board had
not received his notice of appeal.

Apparently, Weinberg had expected to
receive some word, apart from his return
receipt, that the Board had received the
notice. When he did not receive that word,
Weinberg asserts, he sent a copy of his first
notice (received August 1, 1978) to the
Board's Dallas office (the second notice).
On August 2, 1978, the Board notified both
parties that it had received Weinberg's first
notice.

Section 5 of Article 8307 gives the district
court jurisdiction of appeals from Board
decisions. The requirements of the statute
are in part:

Any interested party who is not willing
and does not consent to abide by the final
ruling and decision of said Board shall,
within twenty (20) days after the rendi-

Civil Statutes Annotated.

tion of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall, within twenty (20) days after giving such notice bring suit . . . to set aside said final ruling and decision . . . .

Weinberg filed suit on August 17, 1978, more than twenty days (20) after filing his first notice to the Board. American General answered with an unsworn general denial and moved for summary judgment. It alleged that Weinberg had failed to file his suit on time. The district court granted American General summary judgment despite Weinberg's argument that he had filed his suit within twenty (20) days after he sent his second notice.

The Court of Appeals reversed on unassigned error; i.e., by failing to answer Weinberg's suit with a verified denial as required by Rule 93(n) of the Texas Rules of Civil Procedure, American General had waived its right to complain that Weinberg did not file his suit on time. The Court of Appeals, obviously, considered this not only to be error, but fundamental error requiring a reversal.

Fundamental error has become a rarity. We have given this observation judicial force in a long line of decisions. *See, e.g., Texas Industrial Traffic League et al. v. Railroad Commission of Texas et al.,* Tex., 633 S.W.2d 821 (1982) (standing); *Buckholts Independent School District, et al. v. Richard L. Glaser, et al.,* Tex., 632 S.W.2d 146 (1982) (disqualification of judge); *Pirtle v. Gregory,* 629 S.W.2d 919 (Tex.1982) (indispensable party); *Coffee v. Rice University,* 403 S.W.2d 340 (Tex.1966) (justiciable interest).

The Court of Appeals erred when it reversed the trial court's judgment on a point neither party assigned. Accordingly, we reverse the Court of Appeals judgment.

We affirm the trial court's judgment for American General because Weinberg did not file his district court suit on time. We recognize that he filed the suit within twenty (20) days of his second notice. The "second notice" was but the second filing of the first notice. This second filing was to the Board's *Dallas* office.

According to a Board Rule [2], a party must file notices of appeal in the Board's *Austin* office. Because Weinberg has not challenged that rule, we express no opinion on its validity. *See, Bullock v. Hewlett-Packard Co.,* 628 S.W.2d 754 (Tex.1982).

Because the Board's rule makes Weinberg's second notice ineffective, only his first notice was effective. As Weinberg did not file his district court suit within twenty (20) days of the first notice, the district court properly held that Weinberg had not filed the suit on time.

This holding is not contrary to that in *American Employers Ins. Co. v. Scott,* 33 S.W.2d 845 (Tex.Civ.App.—Eastland 1930, writ ref'd). In *Scott,* the Board had denied the plaintiff relief on September 28, 1928. Plaintiff filed a notice of appeal on October 3, 1928. He filed "a similar notice" on October 16, 1928. He filed suit on October 31, 1928.

If the court in *Scott* had held that the date of plaintiff's first notice was dispositive, the court would have had to hold that plaintiff had not filed his suit on time. October 31 was more than twenty days after October 3. The court held that, be-

2. GENERAL COMMUNICATION 061.01.00
These rules are promulgated under the authority of Vernon's Texas Civil Statutes, Article 8307, Section 4.
. . . .
.030. *Filing of Instruments.* The following shall be filed with the board in Austin:
(a) Notice of Injury and Claim for Compensation,
(b) Employer's First Report of Injury,
(c) Notice that Employer Has Become Subscriber,

(d) Formal Statements of Position,
(e) Notice of Intention of Appeal,
(f) Notice of Cancellation of Compensation Insurance.
All other correspondence and forms relating to claims arising under the Workers' Compensation Law must be filed with the proper regional office or the proper resident reviewer of the board in Austin.
77 Tex.Reg. 4315 (Nov. 8, 1977).

cause the date of plaintiff's second notice was dispositive, he had filed his suit on time.

In *Scott,* the plaintiff filed both notices of appeal in the Board's Austin office. At the time, the Board had no Dallas office. For that reason, the Board had no need to promulgate a rule similar to the one involved here. We hold that these facts distinguish the decision in *Scott* from our decision here.

The Court of Appeals judgment is reversed, and the trial court's judgment for American General is affirmed.