Olawale OGUNBOYEJO, Appellant,

v.

**PRUDENTIAL PROPERTY AND
CASUALTY COMPANY,**
Appellee.

No. 6–92–070–CV.

Court of Appeals of Texas,
Texarkana.

Dec. 15, 1992.

Rehearing Overruled Dec. 15, 1992.

Joseph Onwuteaka, Houston, for appellant.

Michael W. Cooper, Lueders & Boanerges, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Olawale Ogunboyejo appeals from the dismissal of his civil action. The trial court found that Ogunboyejo altered a certified mail receipt and sanctioned him by dismissing the case with prejudice and ordering his counsel to pay $1,000.

Ogunboyejo contends that the trial court erred in dismissing the lawsuit because (1) there is no allegation that either counsel or client signed any pleading in bad faith or abused discovery; and, (2) there was no or insufficient evidence to show that any instrument was signed in bad faith or that the discovery process was abused. He also argues that even if the pleadings were found to be signed in bad faith, the lawsuit should not have been dismissed. He further contends that the court erred by denying his fundamental right of due process by imposing sanctions without giving him the opportunity to respond.

On February 6, 1992, Ogunboyejo filed a motion for partial summary judgment. This motion was based on the ground that, among other things, Prudential was late in responding to Ogunboyejo's first set of interrogatories and requests for admissions.

There is evidence of two separate mailings of documents to Prudential. According to Prudential's file stamps made upon receipt, the initial mailing was received on May 17, 1991, and the second mailing was received on May 29, 1991. Postal Service records confirmed registered delivery of documents bearing the numbers hereafter discussed on those dates. Prudential responded to the request for admissions of fact and interrogatories on June 24, 1991.

An extensive hearing was held at which some documents were entered into evidence, other documents were discussed and considered by counsel and court without objection, and testimony and prolonged argument was heard by the court.

The trial court's order of dismissal states:

> [T]he Plaintiff's attorney, JOSEPH ONWUTEAKA, or someone at his direction, altered a United States Postal Service certified mail receipt card (green card) to support the Plaintiff's Motion for Partial Summary Judgment. The court finds that the Plaintiff's Motion for Partial Summary Judgment has therefore been filed in bad faith and is groundless.

Based upon this finding and under the authority of TEX.R.CIV.P. 13 and 215, the trial court dismissed the case and imposed a

sanction of $1,000 on plaintiff's counsel.[1]

In reviewing the evidence for legal and factual sufficiency, we must first examine the record for any probative evidence to support the finding, ignoring all contrary evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If we find some probative evidence, we then test the factual sufficiency of that evidence by examining the entire record to determine whether the finding is clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 662 (1951).

Ogunboyejo filed his motion for summary judgment on the ground that Prudential was late in responding to discovery, based upon his business records affidavit stating that Prudential's counsel received his interrogatories and requests for admissions on May 17, 1991, the date of the first mailing. He buttressed this claim with certified mail receipt "green card" number P355051*738*. The card indicated only that a supplemental response to request for production was received by Prudential's counsel on May 17, 1991. However, the white card preprinted number P355051738 contained a notation that it included a request for production, request for admissions/interrogatories and supplemental answers.

If the request for interrogatories and admissions was actually received on May 17, Prudential's response to discovery was not timely. However, the trial court determined that the green card from the May 17 mailing had been altered by changing the number 5 to 8 so that it would appear that P3550573*8* had been delivered at the earlier date when P355051735 was actually delivered. The trial court had the green card before it and could make a factual finding that the card had been altered. No green card for the P35505173 *5* mailing was entered into evidence.

Prudential submitted an affidavit prepared by a claims clerk with the U.S. postal service in Houston, which listed every certified mail article that came to Prudential's law offices on the critical dates. That affidavit indicates that P355051735 was delivered and received on May 17. It also states that P35505738 was actually delivered and received on May 29, although the altered green card P35505738 indicated a delivery date of May 17. This was some evidence to support the trial court's conclusion that the receipt had been intentionally altered to aid the plaintiff's effort to obtain a summary judgment and that counsel for the plaintiff either altered the document or that it was done at his direction.

In addition to this evidence, counsel for the plaintiff offered testimony from his legal assistant who had worked for counsel during the relevant period. She testified that she had not made any such alteration at any time. After reviewing the entire record, we find that there was sufficient evidence to support the trial court's finding. These points of error are overruled.

1. Tex.R.Civ.P. 13, entitled "Effect of Signing of Pleadings, Motions and Other Papers; Sanctions," provides the following:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

## SANCTION AGAINST COUNSEL

 Sanctions may be imposed for violation of Rule 13 in the manner provided by Rule 215(2)(b). If the court finds, based on the evidence presented, that a party is abusing the discovery process, the trial court may, after notice and hearing, impose any appropriate sanction authorized by Rule 215(2)(b). However, any sanction imposed must be just, as required by the rule. The choice of sanctions is for the trial court to determine, and so long as the sanctions are within the authority vested in the trial court they will not be overturned unless they constitute a clear abuse of discretion. *Glass v. Glass*, 826 S.W.2d 683 (Tex.App.—Texarkana 1992, writ denied). An abuse of discretion is shown when there is no reasonable relationship between the harm done and the sanctions assessed. Whether an imposition of sanctions is just is measured by determining (1) whether a direct relationship exists between the offensive conduct and the sanctions imposed; and (2) whether the sanctions are excessive—the punishment must fit the crime. *Transamerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991); *see Braden v. Downey*, 811 S.W.2d 922, 930 (Tex.1991).

 The trial court abuses its discretion if the sanction imposed does not further one of the purposes that sanctions are intended to further. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986); *McRae v. Guinn Flying Services*, 778 S.W.2d 189, 191 (Tex.App.—Houston [1st Dist.] 1989, no writ). In reviewing an abuse of discretion, an appellate court must determine whether the trial court acted without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

In the present case, the trial judge found specifically that the attorney or someone at his direction had altered a United States postal service certified mail receipt in a manner which would have supported his motion for partial summary judgment and that the motion for partial summary judgment was therefore groundless and filed in bad faith. The finding of such a clearly unethical and improper act on the part of an attorney is sufficient reason for an even stronger sanction than that imposed.

In the present case, the sanction against counsel was justified and directed at penalizing unethical conduct in a manner that would also deter other attorneys from similarly violating the discovery rules. This point of error is overruled.

## SANCTION AGAINST PARTY

 In this case, the death penalty (the dismissal) was applied in the absence of any proof of wrongdoing by ˉthe party Ogunboyejo. There is no indication that any action was taken by Ogunboyejo that was inappropriate. All of the wrongdoing, both alleged and proven, is that of counsel. There is no finding that Ogunboyejo did anything other than what his attorney did on his behalf. Ogunboyejo should not be punished for counsel's misconduct unless he is implicated apart from having entrusted his legal representation to counsel. *See Transamerican Natural Gas v. Powell*, 811 S.W.2d at 917; *Glass v. Glass*, 826 S.W.2d at 687. The punishment in this case, as in *Glass*, is clearly for counsel's misconduct, i.e. the filing of pleadings in violation of Rule 13 of the Texas Rules of Civil Procedure. To punish Ogunboyejo for his counsel's misconduct is unjust. This point of error is sustained.

Counsel's due process argument based on the lack of a hearing is not supported by the record. The statement of facts indicates a full evidentiary hearing after extended notice and a continuance. Counsel did not object to the hearing. The only complaint registered was his contention (just before closing) that he had subpoenaed another witness who did not appear. However, he requested no relief from the trial court, such as a continuance, and had previously announced ready. This contention is overruled.

The judgment of the trial court rendering the sanction against counsel is affirmed. The order dismissing the cause with prejudice is reversed, and the case is remanded for trial.

## ON MOTION FOR REHEARING

Ogunboyejo contends on motion for rehearing that this Court erred by failing to find that the trial court's refusal to make findings of fact and conclusions of law was error. We have reexamined his brief. No such point of error was raised. Counsel noted in his preliminary statement and again in his summary of facts that no findings of fact and conclusions of law were filed, despite his allegedly timely request. However, our careful review of the brief shows that counsel did not thereafter refer to this failure or allege that the court erred in this regard. By failing to present such a point and argument, Ogunboyejo waived his right to complain of the error. This Court cannot reverse in the absence of properly assigned error. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); *American General Fire & Cas. Co. v. Weinberg*, 639 S.W.2d 688 (Tex.1982).

The motion for rehearing is overruled.