Opinion issued August 2, 2007


 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00749-CV

 __________


WEBWORLD MARKETING GROUP, L.L.C., Appellant


V.


TOMMIE THOMAS, Appellee






On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2001-38341






CONCURRING AND DISSENTING OPINION ON THIRD MOTION FOR
REHEARING AND DISSENT FROM DENIAL OF EN BANC
RECONSIDERATION 


 This is the panel's fourth opinion in this case and the first in favor of Sheriff
Tommy Thomas ("the Sheriff"). Because the majority fails to address the serious
legal issues involving the interpretation of the regulations governing a sexually
oriented business ("SOB") that are at the heart of this case and that are raised by the
Sheriff's cross-points and each of his motions for rehearing, and, instead, it decides
the case sua sponte on unassigned error, incorrectly justifying its arguments as
"jurisdictional," I dissent from the opinion on rehearing. I concur solely in the
judgment affirming the judgment notwithstanding the verdict (JNOV) entered by the
trial court in favor of the Sheriff. Because of the importance of this case for the
regulation of SOB's, I likewise dissent from the Court's denial of the Sheriff's motion
for en banc reconsideration. (1) I would affirm the JNOV entered in favor of the Sheriff
by the trial court for the reasons urged by the Sheriff in his cross-points on appeal and
in each of his motions for rehearing.

DISSENT FROM DENIAL OF EN BANC RECONSIDERATION


 In response to the Sheriff's third motion for rehearing and motion for en banc
reconsideration, the majority reverses itself sua sponte on grounds not raised by
appellant Webworld Marketing Group, L.L.C. ("Webworld") in its appeal or by the
Sheriff in his cross-points on appeal or in his Third Motion for Rehearing. The
majority incorrectly claims that this case should have been decided under the
"substantial evidence" standard used to review an administrative's agency's factual
findings on appeal and that this is a jurisdictional issue it is permitted to raise sua
sponte. See Webworld Marketing Group, L.L.C. v. Tommie Thomas,
01-04-00749-CV, slip op. at 10 (Tex. App.--Houston [1st Dist.] Aug. 2, 2007, no
pet. h.) (op. on reh'g) (citing City of Dallas v. Furrh, 541 S.W.2d 271, 273 (Tex. Civ.
App.--Texarkana 1976, writ ref'd n.r.e.), City of Dallas v. Stevens, 310 S.W.2d 750,
755 (Tex. Civ. App.--Dallas 1958, writ ref'd n.r.e.), and Thomas v. Stanolind Oil &
Gas Co., 198 S.W.2d 420,421 (Tex. 1946) (stating that "courts are not clothed with
authority to set aside fact findings of an administrative agency made within the scope
of its statutory powers [if] there is any substantial evidence affording reasonable
support for such findings and the orders entered thereunder") (emphasis added)); see
also Public Util. Comm'n v. AT&T Communications, 777 S.W.2d 363, 365 (Tex.
1989) ("The reviewing appellate court is not to make independent findings of fact;
the right to find facts rests with the administrative agency."). I disagree. 

 Webworld did not ask the trial court to review and set aside the Sheriff's
factual findings from the administrative proceedings regarding Webworld's
application for a SOB permit ("SOBP"). Webworld filed suit seeking a declaratory
judgment interpreting the law in its favor. It asked the trial court to hold that its
application "met all required criteria" for an SOBP and to order the Sheriff to issue
the permit. The Sheriff responded that he was not required to issue the permit
because Webworld did not satisfy the legal criteria for issuance of a permit. The facts
were essentially undisputed. What was disputed was whether the legal criteria for
issuance of a permit were satisfied under a correct interpretation of the county
ordinances regulating SOB's, given the facts of the case.

 The trial court "error" the majority addresses--the failure to use a "substantial
evidence" standard of review to review the Sheriff's factual findings--was not raised
by any party at any point in this case. Rather, Webworld, the appellant, complained
on appeal that the trial court erred in entering JNOV in its favor because, it
contended, the evidence was legally and factually sufficient to support the verdict. 
The Sheriff maintained, in his objections to the charge, in his motion for JNOV, and
in his cross-points on appeal, that the trial court's charge improperly required the jury
to make legal determinations and that the evidence, when viewed under a legally
correct interpretation of the law, did not support the jury's findings that Webworld
satisfied the regulatory requirements for an SOBP. Therefore, the Sheriff argued that
the trial judge correctly, if belatedly, took the case away from the jury and correctly
entered a directed verdict in his own favor. 

 The majority ignores both Webworld's legal and factual sufficiency claims and
the Sheriff's cross-points and, instead, crafts its own standard of legal and factual
sufficiency of the evidence for this jury trial from the legal standard of review of
administrative agency findings, justifying its addressing this issue on the ground that
it is a jurisdictional issue. The trial court clearly had subject matter jurisdiction to
entertain Webworld's declaratory judgment suit, and it clearly had jurisdiction to
submit the factual questions in the case to the jury. It even had subject matter
jurisdiction to submit the legal questions in the case to the jury (although the Sheriff
complained that it did so erroneously). Thus, the "error" the majority
addresses--both parties' and the trial court's purported failure to use the correct
standard to review the Sheriff's administrative fact findings--is merely unassigned
error.

 The law is clear that the Texas rules of civil and appellate procedure require a
party to apprise a trial court of its error before that error can become the basis for
reversal of a judgment. In the Matter of C.O.S., 988 S.W.2d 760, 764-65 (Tex.
1999); see Tex. R. App. P. 33.1. Unlike criminal cases, there is no "fundamental
error" in purely civil, non-quasi-criminal, cases, like this one, that cannot be forfeited
by inaction unless the record shows that the court lacked jurisdiction or the public
interest as declared in statutes or the Texas Constitution is "directly and adversely
affected." In the Matter of C.O.S., 988 S.W.3d at 765; see also In the Interest of
B.L.D. and B.R.D., 113 S.W.3d 340 (Tex. 2003) (discussing preservation of error and
fundamental error in context of termination of parental rights). In all other cases,
including this one, it is error for an appellate court to decide an appeal on the basis
of unassigned error, or error that has not been preserved in accordance with the rules
of civil and appellate procedure because "[a] point of error not preserved is not before
the appellate court for review." Allright v. Pearson, 735 S.W.2d 240, 241 (Tex.
1987) (per curiam); American Gen. Fire & Cas. Co. v. Weinberg, 639 S.W.2d 688,
688 (Tex. 1982); see also Western Steel Co. v. Altenburg, 206 S.W.3d 121, 124 (Tex.
2006) (absent fundamental error, appellate court should refrain from deciding cases
on legal errors not assigned by parties). 

 In this case, the panel had two choices. Either it could reverse the trial court's
judgment on the basis of legal and factual sufficiency of the evidence to support the
jury verdict--the error alleged by Webworld--distinguishing the Sheriff's cross-points as without merit, or it could affirm the trial court's judgment on the ground that
JNOV was justified because the Sheriff's cross-points established that the case had
proceeded to a jury trial under an incorrect charge that required the jury to interpret
and then apply the law and, under a correct construction of the law, the Sheriff is not
required to issue an SOBP to Webworld. See Trinity Universal Ins. Co. v. Ponsford
Bros., 423 S.W.2d 571, 575 (Tex. 1968); City of Houston v. Savely, 708 S.W.2d 879,
883 (Tex. App.--Houston [1st Dist.] 1986, no writ) (question of whether city
complied with statutory provisions was question of construction for court that should
not have been submitted to jury and should have been disregarded); Cain v.
Tennessee-Louisiana Oil Co., 382 S.W.2d 794, 799 (Tex. Civ. App.--Tyler 1964),
aff'd, 400 S.W.2d 318 (Tex. 1966) (issue that involves construction of legal
instrument or that calls for determination of question of law should not be submitted
to jury for their determination). 

 The majority's first three opinions decided the case in favor of Webworld on
the ground that the evidence was legally and factually sufficient to support the
verdict. In each case, however, the opinion reversed the JNOV in favor of the Sheriff
without addressing his cross-points, leading to each of his motions for rehearing and
his motion for en banc review. The majority's fourth opinion introduces a point of
error raised by no one--namely, that the trial court erred by failing to review the
Sheriff's administrative findings under a substantial evidence standard--but it still
fails to address the issues raised by the Sheriff's cross-points and by his motions for
rehearing and en banc reconsideration, which are necessary to final disposition of this
appeal. Thus the opinion contravenes Texas Rule of Appellate Procedure 47.1's
mandate that the court of appeals hand down a written opinion "that addresses every
issue raised and necessary to final disposition of the appeal." (2) Tex. R. App. P. 47.1. 

 Because I do not agree that the panel has authority to decide this case in favor
of the Sheriff on unassigned error, and because the majority opinion does not address
the correct interpretation of the City's ordinances regulating SOB's--the central issue
raised by Webworld's suit for a declaratory judgment and by the Sheriff's cross-points, motions for rehearing, and motion for en banc reconsideration, and because
the resolution of this legal issue is important to the county's exercise of its power to
regulate SOB's, I re-urge my previous dissent on the merits of this case. 

SHERIFF'S CROSS-POINTS BROUGHT FORWARD ON APPEAL

 The Sheriff argues in his Third Motion for Rehearing and Motion for En Banc
Reconsideration that the majority did not properly consider his cross-points in
overturning the JNOV rendered in his favor in its March 22, 2007 opinion and
remanding the case to the trial court to enter judgment in accordance with the verdict
in favor of appellant, Webworld. The majority expressly states in its current opinion
in response to that motion and the motion for en banc reconsideration that it remains
unnecessary for it to reach the Sheriff's cross-points. As I stated in my March 22,
2007 dissent, I agree with the Sheriff. I, therefore, re-urge that dissenting opinion,
as set forth below.

 The Sheriff argues that, as a matter of law, Webworld failed to comply with the
applicable regulations for obtaining a Class I SOBP for 22562 Interstate I-45 North
in response to its March 16, 2001 application and, therefore, he, as Sheriff, had no
duty to issue the permit. The Sheriff contends that this Court should have considered
his no-evidence objections not on the basis of whether there was sufficient evidence
to support the jury's answers to the questions in the jury charge--to which he had
objected at trial--but on the basis of the proper application of the law to the facts. 

 Relevant Regulations

 The applicable regulations are "The Regulations for Sexually Oriented
Businesses in the Unincorporated Area of Harris County, Texas and Application for
a CLASS I Permit" adopted August 6, 1996. Harris County, TX., Ordinance 83-1812 (Aug. 6, 1996) (hereinafter referred to as "Harris County Regulations"). A
Class I sexually oriented business enterprise is "a commercial enterprise the primary
business of which is the offering of a service or the selling, renting or exhibiting of
devices or any other items intended to provide sexual stimulation or sexual
gratification to the customer" that "conduct[s] business regularly at a specific
location." 

 As the Sheriff points out, section VIII(a) of the Harris County Regulations
requires that "[t]o obtain a Class I . . . SOBP, a complete application shall be filed
with the Sheriff," in the form provided by the Sheriff, whose contents are specified
for a Class I SOBP in sections VIII(b) and (e). Section XII(e)(2) of the regulations
states that "[t]he SOBP shall be denied upon the finding by the Sheriff of any of the
following facts," including a finding that "the enterprise does not meet all the
requirements of these regulations" or a finding that "[t]he applicant has knowingly
made a misleading statement of a material fact by omitting or falsifying information
in the application for the SOBP." 

 Section VIII(b)(2) requires that an applicant for a Class I SOBP provide, in
relevant part:

 (2) A general description of the enterprise, which shall include the
address of the enterprise and the services and products which will
be offered.

 

 (i) A Class I SOBP shall be valid only for the address
provided in the application.


 Section VIII(e) requires that an applicant for a Class I SOBP also provide, in
relevant part:

 (4) A certification that the proposed enterprise will be located:


 (i) a minimum of one thousand five hundred (1,500) feet from
any child care facility, school, dwelling, hospital, public
building, public park, or church or place of religious
worship;


 . . . .


 (iv) This subsection shall apply only to property uses in
existence at that location at least thirty (30) days prior to
the date of application.


 Preservation of Error

 The Sheriff pled, inter alia, that Webworld had knowingly made a misleading
statement of material fact by providing an incorrect address for the SOBP it sought
on its March 19, 2001 application and by falsely certifying that the SOB was a
minimum of 1,500 feet from a dwelling, namely the residence over the Melvins'
parrot shop, for whose use as dwelling permits had been sought and plans developed,
and where the Melvins had stayed from time to time. 

 The jury was asked (1) whether Webworld's proposed enterprise was located
a minimum of 1,500 feet from "any dwelling in existence at that location at least (30)
days prior to Webworld's application dated March 19, 2001" when "residence" was
defined as "personal presence at some place of abode . . . ."; (2) whether Webworld
"knowingly made a misleading statement of material fact by omitting or falsifying
information" in its March 19, 2001 application for an SOB; (3) whether the Sheriff
"arbitrarily" denied Webworld's March 19, 2001 application; and (4) "whether the
Sheriff acted in good faith in denying Webworld's March 19, 2001 application."

 The Sheriff objected that jury questions 1, 3, and 4 improperly applied the law,
there was no evidence to support the submission of the questions to the jury, and the
questions would lead to inconsistent answers. Additionally, the Sheriff specifically
argued that question 1 was "incorrect because it doesn't explain that a dwelling also
includes intended or planned use of property" and that questions 3 and 4 were not
supported by the pleadings. In short, the Sheriff complained that the jury charge got
the law wrong in a case where the jury was being improperly asked to construe the
applicable ordinances and apply the legal and factual criteria for issuance of an
SOBP. The trial court overruled each of the Sheriff's objections. The Sheriff also
requested an instructed verdict at the conclusion of the case, which was likewise
overruled. Finally, in his motion for JNOV, the Sheriff urged, "[T]here is no
evidence that the Sheriff arbitrarily denied Webworld's permit or acted in bad faith
in light of the fact that the Melvins had indicated in 1996 that they would use the
property as a residence." The trial court granted the motion for JNOV.

 The Sheriff argues on appeal that the trial court properly took the case away
from the jury after the verdict because, having been given an erroneous charge over
counsel's objections, the jury responded with erroneous answers. The Sheriff
contends he preserved error, and he urges us to apply the law the jury should have
applied and the trial court ultimately did apply. I agree with the Sheriff's position.

 Texas Rule of Civil Procedure 324(c) provides:

 When judgment is rendered non obstante verdicto or
notwithstanding the findings of a jury on one or more questions, the
appellee may bring forward by cross-point contained in his brief filed in
the Court of Appeals any ground which would have vitiated the verdict
or would have prevented an affirmance of the judgment had one been
rendered by the trial court in harmony with the verdict, including
although not limited to the ground that one or more of the jury's findings
have insufficient support in the evidence or are against the
overwhelming preponderance of the evidence as a matter of fact . . . . 


 The failure to bring forward by cross-points such grounds as
would vitiate the verdict shall be deemed a waiver thereof . . . .


Tex. R. Civ. P. 324(c); accord Tex. R. App. P. 38.2(b).

 The Sheriff objected to the charge, moved for an instructed verdict, and moved
for judgment notwithstanding the verdict. He then brought forth by cross-points his
grounds for vitiating the verdict, namely the legal insufficiency of the evidence and
the factual insufficiency of the evidence to support the jury's answers to questions 1,
3, and 4. I would hold that the Sheriff preserved his legal sufficiency issues. See
Cecil v. Smith, 804 S.W.2d 509, 510 (Tex. 1991) (legal sufficiency challenge may be
preserved by objection to charge and motion for instructed verdict). Therefore, I
would address the Sheriff's argument that the evidence was legally insufficient to
prove that he had a duty to issue an SOB to Webworld.



 Legal Sufficiency of the Evidence to Support the Verdict

Standard of Review

 A "no evidence," or legal insufficiency, point of error is a question of law that
challenges the legal sufficiency of the evidence to support a particular fact finding. 
County of El Paso v. Dorado, 180 S.W.3d 854, 862 (Tex. App.--El Paso 2006, pet.
denied). Because "no evidence" points are questions of law, they are reviewed de
novo. State Dep't of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327
(Tex. 2003). In conducting a legal-sufficiency review, "we must view the evidence
in a light that tends to support the finding of disputed fact and disregard all evidence
and inferences to the contrary." Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709
(Tex. 2003). However, "[t]he final test for legal sufficiency must always be whether
the evidence at trial would enable reasonable and fair-minded people to reach the
verdict under review. . . . [L]egal-sufficiency review in the proper light must credit
favorable evidence if reasonable jurors could, and disregard contrary evidence unless
reasonable jurors could not." City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex.
2005). Thus, a no-evidence challenge will be sustained when "'(a) there is a complete
absence of evidence of a vital fact, (b) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact, (c) the
evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the
evidence conclusively establishes the opposite of the vital fact.'" King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (quoting Merrell Dow Pharms., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). 

Webworld's Compliance with Applicable Regulations

 On May 15, 2001, Webworld received a letter from the Sheriff denying its
SOBP because (1) the SOB was within 1,500 feet of a dwelling; (2) Webworld had
knowingly made a misleading statement by providing an incorrect address for the
SOB; and (3) Webworld had knowingly made a misleading statement because the
proposed building would not fit in the lot area. 

 Webworld had to prove that it complied with all applicable regulations to
prevail in the trial court on its demand that the Sheriff be ordered to issue a Class I
permit for an SOB at 22562 Interstate I-45 North in response to its March 19, 2001
application. See Harris County Regulations §§ XII(a), (e)(2). Therefore, I would
inquire whether the evidence established Webworld's compliance with the applicable
Harris County Regulations cited by the Sheriff as grounds for denial of the SOBP.

 Address

 Section VIII(b)(2)(I) of the county regulations provides, "A Class I SOBP shall
be valid only for the address provided in the application." It is undisputed that both
Webworld's original March 16, 2001 application and its amended April 25, 2001
application certified the address for which the permit was sought as "22562 Interstate
I-45 N." Subsequently, Webworld obtained an address for the enterprise, 22565
Interstate North. On June 19, 2001, Webworld wrote the Sheriff acknowledging that
the address was wrong on its SOB application, and it advised the Sheriff of the new
address. However, it did not file an amended application for an SOBP for 22565
Interstate I-45 North.

 I would hold that Webworld failed to comply with the regulatory requirement
that it list a correct address in its SOBP application and that the Sheriff had no duty
to issue a permit for construction of an SOB at an admittedly incorrect address. 
Webworld filed no application for an SOBP listing the correct address. For this
reason alone, I would sustain the JNOV. To hold otherwise, in my view, is to impose
an extra-statutory--and indeed contra-statutory--burden of due diligence on the
Sheriff to ascertain the correct address for which an SOBP is sought and to issue the
permit if an SOB at that address would satisfy county regulations. I do not believe
the Harris County Regulations impose such a duty on the Sheriff; I believe its plain
language imposes a duty of strict compliance on the applicant for an SOBP.

 Location Within 1,500 Feet of a "Residence"

 Section VIII(e)(4) of the regulations provides that an applicant for a Class I
SOBP must provide a certification that the proposed enterprise will be located "a
minimum of one thousand five hundred (1,500) feet from any child care facility,
school, dwelling, hospital, public building, public park, or church or place of
religious worship." Section VIII(e)(4) also provides, however, that "[t]his subsection
shall apply only to property uses in existence at that location at least thirty (30) days
prior to the date of application." Section III(o) provides that a "dwelling" is "a house,
duplex, apartment, townhouse, condominium, mobile home or any other building
used as a residence." (Emphasis added).

 Webworld certified that the proposed enterprise would be located a minimum
of 1,500 feet "from any child care facility, school, dwelling, hospital, public building,
public park, or church or place of religious worship." Since this requirement applies
only to property uses in existence at least 30 days prior to the date of application, and
since the Melvins had obtained a permit to develop the space over their parrot shop
for a dwelling in 1996, had used the space as a dwelling from time to time, and had
commenced plans for the development of the property as a dwelling more than 30
days before Webworld applied for a SOBP, Webworld's certification that the
enterprise would be located a minimum of 1,500 feet from a dwelling necessarily
implied that it did not consider the Melvins' activities sufficient to constitute the
"use" of the property as a dwelling.

 The Sheriff argues that, because the word "use" is not defined in the
regulations, the ordinary meaning of the word should be applied. See Monsanto Co.
v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993). He further
argues that the term "use" is broad and means to "put or bring into action or service;
to employ for or apply to a given purpose." Mount Pleasant I.S.D. v. Lindburg, 766
S.W.2d 208, 211 (Tex. 1980); see also U.S. Steel Corp. v. Fiberglass Specialties, Inc.,
638 S.W.2d 950, 954 (Tex. App.--Tyler 1982, no writ). Therefore, he argues that the
term extends to a property owner's present activities to develop a property for a
planned or intended use, including the Melvins' seeking permits and developing plans
for using the space over their parrot shop as a residence. He also contends, as he did
below, that the instruction to Jury Question 1 was improper because it did not instruct
the jury to consider that a dwelling includes activities undertaken pursuant to an
intended or planned use of property. Webworld responds that the Melvins' intent to
create a dwelling is not an element of the Ordinance and is thus irrelevant to the
inquiry of whether the parrot shop was a dwelling whose use as a residence was in
existence at least 30 days before the date of the SOB application.

 I agree with the Sheriff that the prohibition against issuing a permit for an SOB
within 1,500 feet of property used for certain specified purposes that are "in existence
at that location at least thirty (30) days prior to the date of application" applies not
only to fully realized uses of the property but also to property whose plans for an
intended use are "in existence" at least 30 days prior to the date of the application for
an SOB. Otherwise, as the Sheriff points out, the County could be required to issue
a permit for an SOB within 1,500 feet of a school that had been in construction for
two years but that was not complete 30 days prior to the date of application. 

 However, I would hold that there must be objective proof of the intended
ultimate use of the property for a purpose specified in section VIII(e)(4) of the Harris
County Regulations and objective proof that, at least 30 days prior to the date of the
application for an SOBP, activities were underway to prepare the location for the
intended ultimate use. In other words, there must be objective proof that an intended
use of the property was actually "in existence" for a given purpose 30 days before the
SOBP was sought and that a putative intended use is not a mere pretext for denial of
a SOBP. The requirement that the use be "in existence" 30 days prior to the
application for an SOBP seems clearly to have been intended to preclude the use of
a pretext to deny an SOBP, but there is nothing in the language or the purpose of the
regulation to suggest that the Commissioners intended that a use "in existence" must
be a fully realized use, and, indeed, any such construction of the term would lead to
the absurd results posited by the Sheriff.

 The evidence is undisputed that the Melvins applied for a permit expressing
their written intention to construct their residence and business in the building in
1996 and that they employed active means towards that intent by constructing plans
for the building and by residing over the parrot shop from time to time. Webworld,
not the Sheriff, had the burden of proof that the SOBP it sought complied with all
regulations. I would hold that Webworld failed to bear its burden of proof that the
application it sought was not within 1,500 feet of a residence whose use was in
existence 30 days prior to Webworld's application and that Webworld therefore,
failed to satisfy the requirements for obtaining the Class I SOBP it sought.

 Because I would hold that Webworld failed to comply with the Harris County
Regulations both by listing an incorrect address in its March 19, 2001 SOBP
application and by falsely certifying that the proposed enterprise would not be located
within 1,500 feet of property whose planned use as a dwelling had been in existence
for at least 30 days prior to the date of the application, I would also hold that the
Sheriff had no duty to issue the SOBP and, indeed, was required to deny it. See
Harris County Regulations §§ XII(e)(2),(3). Therefore, I would not reach the
Sheriff's third cross-point, i.e., whether the proposed enterprise would fit on the
property for which the permit was sought.





Conclusion


 I would affirm the judgment of the trial court. 




 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Hanks.

Justice Keyes, concurring and dissenting.
1. See Tex. R. App. P. 41.2 (providing, "En banc consideration of a case is not favored
and should not be ordered unless necessary to secure or maintain uniformity of the
court's decisions or unless extraordinary circumstances require en banc
consideration"). This Court previously denied en banc reconsideration on May 11,
2007. 
2. "The court of appeals must hand down a written opinion that is as brief as practicable
but that addresses every issue raised and necessary to final disposition of the appeal."
Tex. R. App. P. 47.1 (emphasis added).