Ben WARD et al., Appellants,

v.

HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES, Inc., Appellee.

No. 7002.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 3, 1957.

Edward M. Tighe, Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

FANNING, Justice.

This was a suit for damages, brought by Ben Ward for the death of his wife, Dorothy Ward, and by Elzie Adams for personal injuries and property damages to his automobile, growing out of a collision on April 22, 1956, of the automobile of Adams (in which car Mrs. Ward was riding with Adams) in Dallas, Texas, with a truck driven by Albert Rae Nunn, an employee of Houston & North Texas Motor Freight Lines, Inc. A jury answered the special issues submitted favorably

to appellee and judgment was rendered in favor of appellee. Appellants have appealed.

The jury in response to the special issues submitted found in effect: (1) That the driver of the truck in question at the time and on the occasion in question did not drive through a red signal traffic light at the intersection in question; (3) that at the time and on the occasion in question the car driven by Adams did not enter the intersection in question before the truck in question; (7) and (8) that Adam's car entered the intersection on a green light but the failure of the truck driver to allow the intersection to clear before proceeding was not negligence; (10) that the truck driver did not fail to keep a proper lookout for Adams' car; (12) that Adams failed to keep a proper lookout for the truck in question at the time and on the occasion in question, and (13) which was a proximate cause of the collision in question; (14) that at the time and on the occasion in question Adams did not drive his car through a red traffic signal light; (16) that at the time and on the occasion in question Adams turned his car to the left at a time when such movement could not be made with safety and (17) which was a proximate cause of the collision in question; (18) that Adams failed to give a signal for such left turn, (19) which was negligence, and (20) was a proximate cause of the collision in question; (21) that Adams failed to timely apply his brakes, which (22) was negligence, and (23) a proximate cause of the collision in question; (24) that the truck entered the intersection in question on a green signal light, (25) before Adams' car entered such intersection, (26) that Adams failed to allow the truck to proceed across the intersection before entering in his car; (27) that such failure on Adams' part was negligence, and (28) a proximate cause of the collision in question; (29) that at the time and on the occasion in question Adams was intoxicated, and which (30) was a proximate cause of the collision in question; (31) that Dorothy Ward, at the time and on the occasion in question, in the exercise of ordinary care, should have known that Adams was intoxicated, that (32) the riding of Dorothy Ward in said car under such condition was negligence, and (33) a proximate cause of her injuries; (34) that Dorothy Ward at the time and on the occasion in question failed to keep a proper lookout for the truck in question and which (35) was a proximate cause of the collision in question; and (36) the collision in question was not the result of an unavoidable accident.

As above shown, the jury exonerated the truck driver on all of the issues of primary negligence submitted to the jury, and also found that Elzie Adams and Mrs. Dorothy Ward were guilty of the acts of contributory negligence above shown which the jury further found were proximate causes of the collision in question. We have carefully reviewed the record in this case and find that the evidence was amply sufficient to support all of the findings made by the jury to the special issues submitted to them. Under the jury's findings, based on amply sufficient evidence, the trial court correctly entered judgment for appellee.

■ Appellants by their first and second points contend that the trial court erred in refusing to submit to the jury appellants' specially requested issues 4, 5 and 6, "bearing on appellee's failure to sound horn," and appellants' specially requested issues 7, 8 and 9, "bearing on appellee's failure to give any warning signal that he was entering the intersection." The specially requested issues in question would be additional issues inquiring as to primary negligence of appellee's truck driver. The failure of the trial court to submit these issues is now immaterial since the jury, upon ample evidence, found Elzie Adams and Dorothy Ward both guilty of one and more acts of contributory negligence, which the jury further found to be proximate causes of the collision in question. Appellants' first and second points do not

present reversible error under this record. See the following authorities: Greaber v. Coca-Cola Bottling Co., Tex. Civ.App., 98 S.W.2d 1028, wr. dis.; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Luther Transfer & Storage Co. v. Walton, Tex., 296 S.W.2d 750; Nichols v. Red Arrow Freight Lines, Tex.Civ.App., 300 S.W.2d 740, wr. ref., n. r. e.

Appellants' third point complains of certain testimony of officer Richcreek concerning a conversation with Mrs. Dorothy Ward at the hospital prior to her death. Appellants' fifth point reads as follows: "The Trial Court erred in allowing the traffic record of Virgil Elzie Adams to be introduced into evidence in regard to three convictions, the same being supported by only two complaints showing their date of occurrence." The transcript in this case contains no bill or bills of exception with reference to any of the matters complained of in appellants' points 3 and 5, and the statement of facts in the case does not show that any character of objection was made to the admission in evidence of any of the matters complained of by appellants' points 3 and 5. Appellants' third and fifth points do not reflect reversible error under this record and are overruled.

Appellants' fourth point reads as follows: "The Trial Court erred in not allowing Dr. George Edward Miller's opinion as to what could have been a cause of the death of Dorothy Ward." The transcript contains no bill of exception complaining of this matter and the statement of facts does not show any objection with reference to the matter. This matter which would deal with the question of damages and not of liability, is also now immaterial since the jury, upon ample evidence, exonerated appellee of liability, and upon ample evidence found Adams and Mrs. Dorothy Ward to be guilty of acts of contributory negligence proximately causing the collision in question. See Southern Pine Lumber Co. v. Andrade, Tex.Com.

App., 132 Tex. 372, 124 S.W.2d 334, and authorities cited therein. Appellants' fourth point is overruled.

Appellants' sixth point reads as follows: "The Trial Court erred in permitting appellee's counsel to refer to Dorothy Ward as a 'bar hop.'" The transcript contains no bill of exception showing that the alleged argument in question was actually made, nor does the statement of facts or any portion of the record show that any such argument was made—the record is also completely silent as to whether any character of objection was made to the alleged argument—the record is also silent as to the court's action on the alleged matter in any respect. Appellants' sixth point is overruled.

Appellants' points 7 to 14 are not briefed. These points have been examined, are deemed to be without merit, and are overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.