**Sybil A. SALLEY, Appellant,**

v.

**HOUSTON LIGHTING AND POWER COMPANY, Appellee.**

**No. 01–90–00410–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 6, 1990.

(c) An offense under this section is a Class B    misdemeanor.

George E. Renneberg, Phillip W. Mintz, Houston, for appellant.

David M. Lacey, Jean–Michal Malek, Houston, for appellee.

Before DUGGAN, COHEN and PRICE[1], JJ.

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas, sitting

## OPINION

COHEN, Justice.

Sybil Salley sued Houston Lighting and Power Company (HL & P), claiming it committed various torts and breaches of contract by disconnecting her electricity. The trial court dismissed the suit with prejudice as a sanction for failure to comply with a court order compelling production of documents.

The trial court granted a temporary restraining order against Salley on May 11, 1989, prohibiting her from contacting two potential witnesses. HL & P alleged, and one of Salley's witnesses later testified in deposition, that Salley had threatened witnesses to make them commit perjury, and had provided a script of perjured testimony. On June 6, 1990, HL & P sent a request for production of documents, including any scripts for testimony, by July 10. Salley, who was then represented by counsel, did not object to the request or seek an extension. Salley did not produce any documents. On September 15, 1989, the trial court ordered Salley to produce the documents on November 2. Again, she did not do so. On November 6, Salley requested a postponement, claiming that she was ill on November 2. On December 28, 1989, HL & P moved for sanctions because Salley still had not complied with the court's order of September 15. After a hearing on January 29, 1990, the trial court dismissed the suit with prejudice. After a hearing on February 28, 1990 on Salley's motion for new trial, the trial court overruled the motion. Salley never produced the documents.

■ Salley contends the trial court abused its discretion by dismissing her cause of action with prejudice. We hold that nothing is presented for review. The record reflects a sanctions hearing was held, with Salley present, on January 29, 1990. No record of that hearing is before us. The docket sheet states, "no good cause established." The trial court could

by assignment.

**232**

have heard evidence then, and nothing shows that it did not. Absent a record of that hearing, we must presume that there was evidence presented to support the ruling. Appellant has the burden to present an appellate record demonstrating error. TEX.R.APP.P. 50(d). She has not done so.

■ Salley's argument under this point of error suggests she is also complaining that the trial court abused its discretion by overruling her motion for new trial. That complaint also fails. The only evidence admitted at that hearing was a 13-page exhibit of Salley's medical records. Salley's brief does not refer to any page of the exhibit or to the statement of facts. Moreover, nothing shows that the same exhibit was not before the court at the sanctions hearing on January 29, 1990, or that it could have been presented then through the exercise of due diligence. We hold that nothing is presented for review. TEX.R. APP.P. 50(d).

Appellant's point of error is overruled.

■ HL & P's cross-point of error contends the appeal is frivolous and seeks damages under TEX.R.APP.P. 84. Salley has not filed a brief responding to HL & P's cross-point.

This suit was dismissed more than six months after the discovery was due under the request and almost three months after the court-ordered deadline for production. This is not a case of first impression, as appellant orally argued, just an ordinary case of noncompliance. This noncompliance was then followed by an appeal that was bound to fail.

We hold that Salley could not have had any reasonable grounds to believe this appeal would be successful. *See Rodriguez v. Rubin,* 731 S.W.2d 141, 143 (Tex.App.— Houston [1st Dist.] 1987, writ ref'd n.r.e.). The cross-point of error is sustained. We award HL & P $6000 as damages against Salley.

The judgment is affirmed.