**Estefana I. FERRER, Appellant,**

v.

**CORSICANA TRANSMISSION, INC. dba, Oliver Brothers Transmission, Appellee.**

**No. 10–90–153–CV.**

Court of Appeals of Texas, Waco.

April 4, 1991.

Daniel C. Perez, Dallas, for appellant.

Beverly Willis Bracken, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

This is an appeal in a "slip and fall" case in which Estefana Ferrer sued Corsicana Transmission, Inc. (CTI), alleging that because of its negligence she sustained damages for her injuries in the amount of $45,-472. The jury found Ferrer 100% negligent, thus exonerating CTI from liability. By three points of error, Ferrer claims that

the court should have allowed Dr. Fajardo, an expert witness, to testify at trial. We will overrule all points, affirm the judgment and award CTI $1,918.50, an amount three times the total taxable costs, as damages against Ferrer for a frivolous appeal. *See* TEX.R.APP.P. 84.

In all three points, Ferrer alleges that the court erred in refusing to allow the testimony of Dr. Fajardo. In points one and two, this claim is based on her properly identifying Dr. Fajardo as an expert witness pursuant to Rule 166b of the Rules of Civil Procedure. *See* TEX.R.CIV.P. 166b. In point two, her claim is based upon CTI's failure to offer any evidence to support its objection to Dr. Fajardo's testimony.

■ Ferrer acknowledges that Dr. Fajardo was a medical expert and, that as the treating physician, would have given medical testimony. Because (1) his testimony would have been relevant only to damages, (2) the damage questions were submitted conditioned on a finding of negligence by CTI, and (3) Ferrer has assigned no error to any issue on liability, we need not determine whether the court erred in excluding Dr. Fajardo's testimony. *See Ward v. Houston & North Texas Motor Freight Lines*, 308 S.W.2d 98, 100 (Tex.Civ.App.— Texarkana 1957, no writ).

Furthermore, because Ferrer did not perfect a bill of exceptions at trial, we have no way of reviewing Dr. Fajardo's testimony to determine whether its exclusion was error. *See id; Swinney v. Winters*, 532 S.W.2d 396, 402 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). Ferrer's points are overruled.

■ By a cross-point, CTI asks us to award damages under Rule 84 of the Rules of Appellate Procedure, on the ground that Ferrer took this appeal for delay and without sufficient cause. *See* TEX.R.APP.P. 84. In considering this point, we must review the case from Ferrer's point of view and determine whether she had reasonable grounds to believe the case would be reversed. *See Lewis v. Deaf Smith Elec. Co-op., Inc.*, 768 S.W.2d 511, 514 (Tex.App. —Amarillo 1989, no writ). Clearly, the question of damages became moot when

the jury found Ferrer 100% negligent. She asserts no error on any matter other than the court's refusal to allow Dr. Fajardo to testify, which testimony could only relate to the damage question. Also, she did not preserve Dr. Fajardo's testimony for appellate review. Under these circumstances, we cannot ascertain how Ferrer had any reasonable ground to believe that the judgment would be reversed, and thus hold that she has taken this appeal for delay and without sufficient cause. *See id.*

We affirm the judgment of the trial court and sustain the cross-point. We award CTI damages against Ferrer in the amount of $1,918.50, which is three times the amount of the total taxable costs of this appeal. *See* TEX.R.APP.P. 84.