Everett JOHNSON, et al., Appellants,

v.

WHITNEY SAND AND GRAVEL, INC., Appellee.

No. 10–90–137–CV.

Court of Appeals of Texas, Waco.

April 8, 1992.

Rehearing Denied April 29, 1992.

Joe Alfred Izen, Jr., Bellaire, for appellants.

Patrick D. Millar, Mills, Riley, Millar & Matkin, Beverly Willis Bracken & David G. Tekell, Naman, Howell, Smith & Lee, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

This appeal, which is submitted only on the transcripts, involves the so-called "death-penalty" sanction for discovery abuse. *See* TEX.R.CIV.P. 215(2)(b)(5).

## BACKGROUND

In 1985, Everett and Lee Johnson bought sand and other materials from Whitney Sand and Gravel, Inc. Whitney sued the Johnsons when they failed to pay for the goods. The Johnsons filed a counterclaim alleging that Whitney had damaged their truck while loading the sand.

On May 5, 1986, Whitney served interrogatories and a request for production on the Johnsons. The Johnsons failed to respond for almost two years. On June 6, 1988, in response to Whitney's motion for sanctions, the court ordered the Johnsons to respond to the interrogatories and request for production by July 1, but did not impose any sanction.

By letter dated August 9, Whitney gave the Johnsons' attorney informal notice that it intended to take the Johnsons' depositions on September 8. On August 31 the Johnsons received formal notice setting the depositions. They never objected to either notice. However, shortly after the depositions were scheduled to begin, a secretary to the Johnsons' lawyer contacted Whitney's counsel. She said that the Johnsons would not appear for the depositions and that their lawyer was in trial in Galveston. Whitney filed a Second Motion to Compel Discovery and for Sanctions based on the Johnsons' failure to appear for their depositions.

On September 23 at the time of the sanction hearing, the Johnsons' attorney called the court. Approximately fifteen minutes later, the judge returned the call. Counsel claimed that he was involved in his personal divorce case in Fort Bend County and had been unable to obtain substitute counsel for the hearing. While attempting to confirm those representations, the judge learned that the courthouse in Fort Bend County was closed that day. He contacted counsel again, and this time the lawyer said he was in Liberty County. The court then proceeded with the hearing. By order dated October 3, the court sanctioned the Johnsons by requiring them to pay $800 expenses within 30 days and to give their depositions within 60 days.

On August 28, 1989, Whitney filed a Third Motion for Sanctions. It claimed that the Johnsons had neither paid the $800 nor appeared for their depositions. The court held a hearing on the motion on September 15 and dismissed the Johnsons' counterclaim with prejudice on September 25. At that time, the Johnsons filed a transcript and attempted to appeal the dismissal order. Because the appeal was from an interlocutory order, we dismissed the appeal for want of jurisdiction.

On April 23, 1990, the court granted Whitney's motion to dismiss its claims against the Johnsons, which resulted in the order dismissing the counterclaim becoming final. The Johnsons filed an untimely motion for a new trial, but did not learn it was untimely until the time for filing the statement of facts or requesting an extension of time to file the statement of facts had expired. On January 23, 1991, we denied their Motion to Enlarge the Time in Which to File a Statement of Facts. We did, however, allow them to file a supplemental transcript. This appeal is submitted only on the transcripts.[1]

Alleging that error is apparent from the face of the record, the Johnsons complain that the court erred when it dismissed their counterclaim with prejudice. Specifically, they argue that they were unable to pay the $800 sanction imposed by the court. Whitney alleges by a cross-point that the appeal was brought for delay and without sufficient cause and seeks damages of 10 times the taxable costs on appeal. We affirm the order dismissing the counterclaim and sustain the cross-point.

## STANDARD AND SCOPE OF REVIEW

Rule 215 authorizes the imposition of sanctions for discovery abuse. *Id.* at 215. This rule leaves the selection of a sanction to the discretion of the court. *Transamerican v. Powell,* 811 S.W.2d 913, 917 (Tex.1991); *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986). The sanction assessed must, however, be just and appropriate. Tex.R.Civ.P. 215(2)(b)(5); *Transamerican,* 811 S.W.2d at 916–17 n. 4. Appellate review of a sanction involves a two-step analysis to determine whether the court abused its discretion. *Transamerican,* 811 S.W.2d at 917. First, is there a direct relationship between the offensive conduct and the sanction imposed? *Id.* And second, is the sanction appropriate and not excessive? *Id.* If a trial court levies the "death-penalty," the constitutional guarantee of due process must also be considered. *Id.*

An appellant has the burden of bringing forward a sufficient record to show reversible error. Tex.R.App.P. 50(d). As already noted, this appeal is submitted only on the transcripts. The record does not include a statement of facts from the hearing on Whitney's Third Motion for Sanctions.[2] Consequently, we cannot ascertain why the court dismissed the counterclaim with prejudice. Because we cannot determine whether the dismissal was proper, we also cannot decide that the dismissal, if improper, constituted an abuse of discretion. *See*

---

1. A statement of facts from the September 23, 1988, sanction hearing appears in the transcript at the Johnsons' request. Even if it is not properly before us, we consider it for the limited purpose of ascertaining the facts, but note that it has no effect on the disposition of the appeal.

2. If no evidence were presented at the hearing, the Johnsons had the burden of filing an affidavit so stating. *See Walker v. Packer,* 35 Tex.Sup. Ct.J. 468, 470 n. 3 (Feb. 22, 1992).

*Walker v. Packer,* 35 Tex.Sup.Ct.J. 468, 470 (Feb. 22, 1992).

In *Poulis,* the court reviewed a discovery sanction in light of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of delay; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effect of alternative sanctions; and (6) the merit of the claim or defense. *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984). We find these factors helpful in evaluating the relationship between the conduct and the sanction, whether the sanction was excessive, and the due-process considerations.

### 1. The Johnsons' Personal Responsibility

Their counsel did not timely respond to discovery requests, repeatedly failed to appear at hearings and depositions, and intentionally mislead the court. The Johnsons also never appeared for their depositions—even after the court ordered them to do so. Although not entirely responsible for the omissions, they must accept some responsibility. *See Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (holding that a client cannot always avoid the consequences of the acts or omissions of his attorney). Furthermore, without a statement of facts from the sanction hearing, we must presume that evidence supported the dismissal—i.e., that the court could have found that the Johnsons were at least partially responsible. *See Salley v. Houston Lighting & Power Co.,* 801 S.W.2d 230, 232 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (holding that when there is no statement of facts, the evidence is presumed to support the judgment). That they are not entirely responsible, however, is not dispositive.

### 2. Prejudice to Whitney

The court had to order the Johnsons to answer interrogatories and requests for production almost two years after they were received. The Johnsons also failed to appear for their scheduled depositions. Then, when Whitney filed a Motion to Compel Discovery and for Sanctions, their counsel did not appear at the hearing. Instead, he informed the court he was in trial in Fort Bend County. The court, however, learned that was not true and conducted the hearing in his absence. It entered sanctions against the Johnsons ordering them to give their depositions within 60 days and to pay $800 within 30 days.

Despite the court's order, the Johnsons neither appeared for their depositions nor paid the $800. Consequently, Whitney filed its Third Motion for Sanctions and, after a hearing on the motion, the court dismissed the counterclaim. These actions by the Johnsons and their counsel completely thwarted the discovery process, thereby prejudicing Whitney in the preparation of its case.

### 3. History of Delay

Whitney sued the Johnsons in December 1985. The Johnsons' counterclaim was dismissed on September 25, 1989, almost four years later. In the interim, the Johnsons (1) repeatedly ignored all time limits imposed by the rules for expediting the litigation, (2) failed to comply with court orders, (3) did not appear at scheduled depositions or hearings, and (4) did little, if anything, to pursue their counterclaim.

A dismissal with prejudice may be appropriate "if the discovery abuse has persisted over a long period of time and numerous efforts have been made to obtain compliance." *Ray v. Beene,* 721 S.W.2d 876, 879 (Tex.App.—Houston [14th Dist.] 1990, writ ref'd n.r.e.). Here, the Johnsons persistently delayed this litigation.

### 4. Willful or Bad–Faith Conduct

As already noted, the Johnsons did not appear at their depositions and ignored a court order requiring them to do so. Likewise, their counsel missed hearings and depositions, and did not secure substitute counsel to appear on his behalf. Furthermore, he blatantly mislead the court. If a party has "acted in bad faith, or has ig-

nored a court's previous order, the court may impose the extreme sanctions of dismissing the plaintiff's case with prejudice or entering a default judgment against the defendant." *Id.* The record indicates that the Johnsons and their counsel had a conscious desire to elude the discovery process and dupe the court. Furthermore, without a statement of facts, we must presume that the evidence at the sanction hearing supported the dismissal order—i.e., that the court could have found that the Johnsons or their counsel acted willfully or in bad faith. *See Salley*, 801 S.W.2d at 232.

### 5. Alternative Sanctions

On June 6, 1988, the court ordered the Johnsons to respond to almost two-year-old discovery requests, but did not impose any sanctions for the delay. On October 3, it directed the Johnsons to pay $800 expenses within 30 days and to give their depositions within 60 days. Thus, the court did not initially dismiss the counterclaim, but rather resorted to lesser sanctions. The Johnsons, however, completely ignored the lesser sanctions. They had still not complied with either part of the October 3 order on August 28, 1989, when Whitney filed its Third Motion for Sanctions. Finally, on September 25, after three sanction hearings and almost four years, the court dismissed the counterclaim with prejudice. Furthermore, because we do not have a statement of facts from the sanction hearing, we must presume that the evidence supported a finding that lesser sanctions were inadequate under the circumstances. *See id.*

### 6. Merit of the Claim

■ A "death-penalty" sanction, which precludes the presentation of the merits of a case, should only be assessed in the face of "a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery." *Transamerican*, 811 S.W.2d at 918; *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976). The Johnsons' deliberate hindrance of the discovery process and refusal to produce material evidence, despite the imposition of lesser sanctions, justify the conclusion that their counterclaim lacked merit. *See Transamerican*, 811 S.W.2d at 918.

■ The Johnsons failed to bring forward a sufficient record to show that the court abused its discretion when it imposed the "death-penalty" sanction. *See* TEX. R.APP.P. 50(d); *Walker*, 35 Tex.Sup.Ct.J. at 470; *Salley*, 801 S.W.2d at 231–32. Moreover, their deliberate failure to appear for their depositions, even after being ordered to do so, and their counsel's repeated absence from hearings and scheduled depositions prevented Whitney from pursuing its case and needlessly delayed the litigation. We find a direct relationship between this offensive conduct and the "death-penalty" sanction. This conduct, when considered with their disregard for the lesser sanctions, makes the "death-penalty" sanction appropriate and not excessive. Accordingly, we find that dismissing the Johnsons' counterclaim with prejudice was just and appropriate. *See Transamerican*, 811 S.W.2d at 916–17 n. 4. Furthermore, because the Johnsons' deliberate hindrance of the discovery process justifies the conclusion that their counterclaim lacked merit and because of their callous disregard for their responsibilities of discovery, dismissal of the counterclaim did not violate their due-process rights. *See id.* at 917. We overrule their points.

### FRIVOLOUS APPEAL

■ Whitney asserts by a cross-point that it should be awarded 10 times its taxable costs because the appeal is frivolous. *See* TEX.R.APP.P. 84. Before assessing taxable costs against the Johnsons, we must find that the appeal was taken for delay and without sufficient cause. *See id.* Furthermore, we will view the case from their perspective to determine whether they had an objectively reasonable ground to believe that the case would be reversed. *See Goad v. Goad*, 768 S.W.2d 356, 360 (Tex.App.—Texarkana 1989, writ denied), *cert. denied*, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990); *Mid–Continent Casualty Co.*

*v. Whatley*, 742 S.W.2d 475, 479 (Tex. App.—Dallas 1987, no writ).

As already noted, the Johnsons have failed to sustain their burden of bringing forward a sufficient record to show reversible error. *See* TEX.R.APP.P. 50(d); *Walker*, 35 Tex.Sup.Ct.J. at 470; *Salley*, 801 S.W.2d at 231–32. Furthermore, the court could have dismissed their counterclaim for at least two reasons: (1) their failure to pay the $800 sanction; or (2) their failure to appear for depositions as ordered. *See, e.g., Waguespack v. Halipoto*, 633 S.W.2d 628, 630 (Tex.App.—Houston [14th Dist.] 1982, writ dism'd) (affirming the dismissal of a plaintiff's suit, while noting that she tardily complied with part of a court order but failed to comply with the remainder). Yet, the Johnsons urge on appeal only that the judgment should be reversed because they were unable to pay the $800 sanction—i.e., they do not even address their failure to appear for depositions.

This suit was dismissed almost a year after the court ordered them to pay $800 within 30 days and be deposed within 60 days. This is "an ordinary case of noncompliance.... followed by an appeal that was bound to fail." *See Salley*, 801 S.W.2d at 232. We sustain the cross-point, award Whitney $5150 (10 times the taxable costs on appeal), and affirm the judgment. *See* TEX.R.APP.P. 84; *Ferrer v. Corsicana Transmission, Inc.*, 807 S.W.2d 653, 654 (Tex.App.—Waco 1991, no writ).