Gilleland v. Lewis 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-267-CV





ELLIS H. GILLELAND,



 APPELLANT


vs.





ROBERT D. LEWIS, PRESIDENT OF THE TEXAS STATE BOARD OF 


VETERINARY MEDICAL EXAMINERS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 91-14056, HONORABLE PETER LOWRY, JUDGE PRESIDING



 





PER CURIAM



 Appellant Ellis Gilleland appeals the district court's judgment imposing civil
"death-penalty" sanctions. Tex. R. Civ. P. 13, 215. Gilleland filed the underlying lawsuit against
Robert Lewis, in his capacity as president of the Texas State Board of Veterinary Medical
Examiners, alleging that the Board violated the Open Meetings Act. Act of May 4, 1993, 73d
Leg., R.S., ch. 268, sec. 1, §§ 551.001-.146, 1993 Tex. Gen. Laws 583, 586-94 (Tex. Rev. Civ.
Stat. Ann. art. 6252-17, §§ 1-5, since repealed and to be codified at Tex. Gov't Code Ann. §§
551.001-.146) [hereinafter Open Meetings Act]. (1) Gilleland sought a trial to show his videotape
of the Board meeting at which he claimed the violation occurred. Disputes flared almost
immediately between the parties and continued throughout Lewis' attempts to obtain discovery
from Gilleland. Before trial was reached, Lewis requested sanctions against Gilleland for filing
groundless and harassing pleadings and for abusing the discovery process. Tex. R. Civ. P. 13,
215. After a hearing, the trial court struck Gilleland's pleadings and dismissed his cause with
prejudice.



FINDINGS OF FACT AND CONCLUSIONS OF LAW


 In point of error four, Gilleland argues that the trial court erred in failing to file
findings of fact and conclusions of law under Texas Rules of Civil Procedure 296 and 297. We
first consider whether Gilleland properly requested findings and conclusions. Two days after the
judgment was signed, Gilleland filed a "Notice of Initiation of Appeal Process," part of which he
subtitled, "Request To Travis County District Clerk, Ms. Amalia Rodriguez-Mendoza." In this
part, Gilleland listed seven appellate procedural rules and, for each, asked the district clerk to do
the acts required to pursue an appeal. Next to his listing of Rules 50(a) and 51(a), Gilleland asked
the clerk to prepare a "record on appeal" and the "transcript of appeal," which were to include
the court's findings and conclusions. Tex. R. App. P. 50(a), 51(a). Next to his listing of Rule
54, he asked the clerk to file the transcript, findings of fact and conclusions of law, and statement
of facts with this Court. Tex. R. App. P. 54.

 Texas Rule of Civil Procedure 296 requires a party seeking findings to request them
of the trial court and to title the request, "Request for Findings of Fact and Conclusions of Law." 
Gilleland's notice to the district clerk to prepare a transcript that included findings and conclusions
did not constitute a request to the trial court to make and file findings and conclusions.

 Gilleland subtitled the fourth page of his notice, "Request To Ms. Amy Anderson,
Court Clerk of the 261st District Court; Findings of Fact and Conclusions of Law." Here, he
listed Rule of Civil Procedure 296 and asked the court clerk to call his request for findings and
conclusions to the attention of the trial court. Gilleland also listed Rule 297 and requested the
court clerk to file the findings with the district clerk within twenty days of his request. Tex. R.
Civ. P. 297. Rather than requesting the trial court to make findings, this portion of Gilleland's
"Notice of Initiation of Appeal Process" assumes that a request has already been made. In
substance, this part of the notice only directs the court clerk to perform clerical duties ancillary
to the court's making fact findings. See State Bar v. Heard, 603 S.W.2d 829, 833 (Tex. 1990)
(nature of pleading depends on its substance). We determine that Gilleland did not properly
request the trial court to make findings and conclusions and therefore cannot complain of this
failure on appeal. See, e.g., Bogs v. Bogs, 703 S.W.2d 407, 411 (Tex. App.--Beaumont 1986,
no writ) (letter to trial judge reiterating request for findings did not, in writing, call judge's
attention to failure to make findings under Rule 297).

 Although the trial court did not make and file findings that were separate from its
judgment, the court recited fact findings within the judgment. Texas Rule of Civil Procedure 299a
states that the court's findings shall be filed separately from the judgment, but also states that if
a conflict exists between findings recited in a judgment and findings filed separately, the separate
findings control. Rule 299a thus foresees that trial courts might continue to recite findings in their
judgments, and it only forbids considering these findings on appeal when they conflict with
separately filed findings. No request for separate fact findings having been made, we will
consider the findings recited in the court's judgment in reviewing the propriety of the sanction
imposed. See Peterson v. Peterson, 595 S.W.2d 889, 891 (Tex. Civ. App.--Austin 1980, writ
dism'd) (when no fact findings were requested, findings recited in judgment were treated as
findings filed under Rule 296); Cottle v. Knapper, 571 S.W.2d 59, 64 (Tex. Civ. App.--Tyler
1978, no writ).

 We note that Texas Rule of Civil Procedure 13, which authorizes sanctions for
filing groundless and harassing documents, expressly requires the trial court to state the particulars
of good cause in the sanction order. These required findings replace the traditional findings and
conclusions filed under Rules 296 and 297. GTE Communications Sys. Corp. v. Curry, 819
S.W.2d 652, 654 (Tex. App.--San Antonio 1991, orig. proceeding); see Tex. R. Civ. P. 296, 297. 
As to Gilleland's appeal of the Rule-13 sanction, a request that initial findings be filed separately
was unnecessary. We overrule point four.



SANCTIONS UNDER RULE 13


 In point of error five, Gilleland argues that no evidence of good cause exists under
Texas Rule of Civil Procedure 13 to support the dismissal of his suit. Rule 13 authorizes the trial
court to impose sanctions when groundless papers filed in the court are either brought in bad faith
or to harass. The trial court can only impose sanctions under Rule 13 for good cause, the
particulars of which must be stated in its order. Rule 13 permits the striking of pleadings, if
appropriate, as a sanction. See Tex. R. Civ. P. 215(2)(b)(5).

 A pleading is groundless when it has no basis in fact or law and is not warranted
by good faith argument for the extension, modification, or reversal of existing law. Tex. R. Civ.
P. 13. The purpose of Rule 13 is to ensure that when a pleading was filed, the litigant's position
was factually well grounded and legally tenable. Home Owners Funding Corp. of Am. v.
Scheppler, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ). The movant for
sanctions under Rule 13 has the burden of proving to the trial court that, when the lawsuit was
filed, his opponent's position was not factually well grounded and not tenable. Id. at 890 n.4; see
Tex. R. Civ. P. 13. We review the sanction the trial court imposed for an abuse of discretion. 
Ogunboyejo v. Prudential Property & Casualty Co., 844 S.W.2d 860, 863 (Tex. App.--Texarkana
1992, writ denied); Zarsky v. Zurich Management, Inc., 829 S.W.2d 398, 399 (Tex.
App.--Houston [14th Dist.] 1992, no writ); Scheppler, 815 S.W.2d at 889.

 Lewis sought sanctions under Rule 13 on the basis that Gilleland's pleadings were
groundless and brought to harass. At the hearing on the sanction motion, Lewis argued that
Gilleland's deemed admissions proved the groundless nature of his lawsuit. The trial court's
order recites that good cause exists to strike Gilleland's petition, and the order incorporates the
particulars supporting its finding of good cause. While several of these particular findings relate
to Gilleland's harassment, none address the groundlessness of his suit. 

 Gilleland argues under this point that the trial court erred by failing to include a
finding in its order that he violated Rule 13. Referring this argument to the lack of a particular
finding on groundlessness, we determine that because Gilleland never requested the trial court to
be more specific as to the particulars of good cause, he has waived any error for review. Tex.
R. App. P. 52(a); McCain v. NME Hosps., Inc., 856 S.W.2d 751, 755-56 (Tex. App.--Dallas
1993, no writ); Bloom v. Graham, 825 S.W.2d 244, 247 (Tex. App.--Fort Worth 1992, writ
denied). We therefore examine the record to see whether it supports the trial court's judgment. 
McCain, 856 S.W.2d at 757.

 Gilleland's initial pleading was a "Petition for Temporary Restraining Order and
Temporary Injunction," filed October 1, 1991. In this petition he sought to restrain Lewis from
violating the Open Meetings Act at the October meeting of the Board of Veterinary Medical
Examiners. Open Meetings Act §§551.001-.146. Gilleland alleged that the Board might discuss
certain general agenda items in executive session in violation of the Act. Id. §§ 551.002, .041,
.101, .102. The trial court denied Gilleland's request for a temporary restraining order on
October 2. On October 21, after the Board's October meeting had been held, Gilleland filed a
"Petition for New Trial/Rehearing." Gilleland again alleged a violation of the Open Meetings
Act, though now as having been accomplished rather than as prospective. Gilleland also asserted
new facts that he claimed showed a violation of the Open Meetings Act. Gilleland specifically
alleged that, in executive session and without giving notice, the Board discussed hiring a hearings
officer, determined that the hearings officer would hold five hearings, decided to try to recover
litigation costs, and proposed to promulgate a new rule on recovering litigation costs. See id. §§
551.002, .041, .043, .044, .048, .101, .102. Gilleland sought a trial on the merits of his
allegations. After Gilleland filed his "Petition for New Trial/Rehearing," Lewis filed his original
answer.

 Because Gilleland's "Petition for New Trial/Rehearing" set up new facts not before
alleged by him and because it was not a response to any defensive pleading, we will treat the
pleading as Gilleland's amended petition. Tex. R. Civ. P. 62, 69, 71; Intercity Invs. Co. v.
Plowman, 542 S.W.2d 260, 263 (Tex. Civ. App.--Fort Worth 1976, no writ); Home Indem. Co.
v. Fuller, 427 S.W.2d 97, 103 (Tex. Civ. App.--Austin 1968, writ ref'd n.r.e.); Phipps v. Reed,
219 S.W.2d 561, 563 (Tex. Civ. App.--Eastland 1949, no writ).

 Gilleland failed to provide specific answers to Lewis' requests for admissions, and
he thereby admitted the truth of the requests, which included the statements



1. that the executive director of the Board of Veterinary Medical Examiners
has the legal authority to hire hearings examiners in specific cases without
Board action;


2. that the Board of Veterinary Medical Examiners may meet legally in
executive session to discuss matters falling within the attorney-client
privilege.



These statements, the only ones relevant to Lewis' proof of groundlessness, do not qualify as
admissions because they are not statements of fact. Tempo Tamers, Inc. v. Crow-Houston Four,
Ltd., 715 S.W.2d 658, 668 (Tex. App.--Dallas 1986, writ ref'd n.r.e.). The second statement,
for example, merely restates section 551.071 of the Open Meetings Act, which allows a
governmental body to privately consult its attorney when the body seeks the attorney's advice on
matters within the attorney-client privilege. Open Meetings Act §551.071. Even if we assume
both statements are true, Lewis has not shown that Gilleland's petition completely lacked any basis
in law or fact. While Gilleland admitted that the Board could privately discuss matters within the
attorney-client privilege, for instance, the matter of promulgating a new rule on recovering
litigation costs need not necessarily fall within that privilege. 

 Accepting Lewis' claim that Gilleland filed many frivolous motions throughout the
proceedings before the trial court, we consider these motions relevant to the harassing nature of
Gilleland's suit. The motions, taken as a whole, do not prove that Gilleland's lawsuit itself was
baseless. Our review of the record reveals no other evidence that Gilleland's amended petition
was groundless. We therefore sustain point of error five.



SANCTIONS UNDER RULE 215


 In point of error seven, Gilleland asserts that the trial court erred in striking his
petition and dismissing his cause as a discovery sanction because the sanction denied him due
process and a decision on the merits of his case. Société Internationale v. Rogers, 357 U.S. 197,
209-10 (1958); TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917-18 (Tex.
1991).

 On December 31, 1991, Lewis served Gilleland with interrogatories, a request for
production of documents, and requests for admissions. Lewis also moved to continue a January
22 trial setting, arguing partly that he needed time to allow discovery to be conducted. At the
hearing on the continuance motion, the trial court ordered the cause set for a pre-trial hearing on
February 5 and trial on February 18.

 On January 17, Gilleland moved for a discovery protective order. In his motion,
Gilleland asserted that no discovery could make the existence of any fact of consequence to
determining the Board's alleged crime more or less probable than without the evidence. Gilleland
alleged globally that Lewis' demands for discovery were irrelevant, unreasonable, harassing, and
invasive of his privacy and on these bases prayed that Lewis' discovery requests be denied. 
Gilleland also filed an objection to Lewis' discovery requests that incorporated the grounds in his
motion for protective order. At a hearing on February 3, the trial court found Gilleland's motion
for protective order unjustified and ordered him to answer all discovery requests.

 On February 5, the court held the pre-trial hearing on discovery matters. The trial
court advised Gilleland that he needed to either answer Lewis' discovery questions or make
specific objections. But when pressed to estimate how much time he needed to either answer or
object, Gilleland gave no answer. The trial court offered to reset the trial date to accommodate
any need for time to comply with the discovery order, but Gilleland never provided a time that
would suit him. Lewis then offered to accept Gilleland's discovery responses on February 14,
four days before the trial date. The court ordered Gilleland to provide discovery requests to be
received by Lewis on February 14; the court ordered alternatively that if Gilleland needed more
time to provide discovery, he must reset the trial to a date on which both he and Lewis agreed.

 Gilleland sent a letter to Lewis on February 8 in which he restated the court's order
to provide discovery by February 14 and offered to confer with Lewis' attorney on that date in
the State Law Library. Lewis' attorney hired a court reporter to receive and copy documents that
Gilleland might provide, and the court reporter met Gilleland at the time and place he suggested. 
Gilleland did not provide any discovery that day. On February 18, Lewis filed a notice that trial
on the merits was set for April 1 and separately moved to strike Gilleland's pleadings. The court
granted the motion to strike at a hearing on March 5.

 The discovery sanction imposed by a trial court is within that court's discretion and
will be set aside only if the court clearly abused its discretion. Bodnow v. City of Hondo, 721
S.W.2d 839, 840 (Tex. 1986); see TransAmerican, 811 S.W.2d at 917 (original proceeding). 
Gilleland, as appellant, has the burden of presenting a record that demonstrates an abuse of
discretion. Tex. R. App. P. 50(d); e.g., TransAmerican, 811 S.W.2d at 918; United States
Fidelity & Guar. Co. v. Rossa, 830 S.W.2d 668, 672-73 (Tex. App.--Waco 1992, writ denied). 
We make an independent review of the entire record to determine if the trial court abused its
discretion in imposing the sanction. Rossa, 830 S.W.2d at 672.

 The trial court abuses its discretion if the sanction it imposes for discovery abuse
is not just. Tex. R. Civ. P. 215(2)(b), (3); TransAmerican, 811 S.W.2d at 917; Bodnow Corp.,
721 S.W.2d at 840. A just sanction must (1) relate directly to the offensive conduct and (2) not
be excessive. TransAmerican, 811 S.W.2d at 917; Chrysler Corp. v. Blackmon, 841 S.W.2d 844,
849 (Tex. 1992). Further, constitutional due process forbids using discovery sanctions to
adjudicate the merits of a claim unless a party's hindrance of the discovery process justifies a
presumption that his claims or defenses lack merit. TransAmerican, 811 S.W.2d at 917-18.

 To be directly related to Gilleland's conduct, the sanction imposed must be aimed
against the discovery abuse and toward remedying the prejudice caused Lewis. Id. at 917. The
findings recited in the court's judgment show that it imposed the discovery sanction because
Gilleland failed to specifically respond or object to Lewis' requests for admissions, filed nothing
more than a general motion for protective order and objection in response to Lewis'
interrogatories and request for production, indicated by his motion and objection that he did not
intend to provide any discovery response, and acted unreasonably and in a harassing manner by
insisting on meeting Lewis' attorney in person in the State Law Library. The record further
shows that the trial court struck Gilleland's pleadings because he did not answer all discovery
requests as ordered on both February 3 and February 5 and he did not reset the trial to a date that
he and Lewis agreed on. It is relevant here that Lewis had filed a counterclaim for relief
restricting Gilleland's contacts with the Board of Veterinary Medical Examiners and that Lewis'
discovery requests related to both his defense and his counterclaim. The sanction was directed
toward Gilleland's actions in discovery matters.

 The prejudice caused Lewis was the time and expense his attorney devoted to
obtaining answers to routine discovery requests and his attorney's inability to prepare for and
proceed to trial on February 14. While the sanction may have directly related to Gilleland's
conduct, we do not believe that the prejudice to Lewis was so grave that it justified striking
Gilleland's petition. Proportionality between the conduct and the sanction requires the trial court
first to consider whether less stringent sanctions are available and whether the lesser sanctions
would fully promote compliance with discovery procedure. GTE Communications Sys. Corp. v.
Tanner, 856 S.W.2d 725, 729 (Tex. 1993); TransAmerican, 811 S.W.2d at 917. A court can
impose a case-determinative sanction in the first instance only when the sanction is clearly justified
and it is fully apparent that no lesser sanction would promote compliance with the discovery rules. 
Tanner, 856 S.W.2d at 729. The record here does not show, as it must, that the court ever
considered imposing less severe sanctions for discovery abuse, nor does it reflect that the court
analyzed why lesser sanctions would have been ineffective. (2) Tanner, 856 S.W.2d at 729; Otis
Elevator Co. v. Parmelee, 850 S.W.2d 179, 181 (Tex. 1993). Lesser alternative sanctions the
trial court could have considered, for instance, include holding Gilleland in contempt for
disobeying the orders, requiring him to pay Lewis' attorney's fees, or assessing other monetary
sanctions. See Tex. R. Civ. P. 215(2)(b).

 In addition, due process allows the imposition of a death-penalty sanction only if
the record shows that the sanctioned party's conduct justifies a presumption that his claims lack
merit. Rogers, 357 U.S. at 209-10; TransAmerican, 811 S.W.2d at 918. The record here shows
that Gilleland asserted that nothing he could produce would change the facts of his case and that
he willfully refused to provide discovery. Because the trial court has not yet assessed lesser
sanctions that Gilleland refused to obey, Gilleland's assertion does not justify a presumption that
his claim amounted to nothing. TransAmerican, 811 S.W.2d at 918. Gilleland's disregard of the
discovery rules was not so egregious that it vitiated the merits of his claim. Cf. Johnson v.
Whitney Sand & Gravel, Inc., 828 S.W.2d 801 (Tex. App.--Waco 1992, no writ).

 We therefore conclude that the trial court abused its discretion in the severity of
the sanction it imposed for Gilleland's disregard of the discovery process. We sustain point of
error seven. Our disposition of points four, five, and seven renders consideration of Gilleland's
remaining points of error unnecessary.

 We reverse the trial court's judgment of dismissal and remand the cause to the trial
court for proceedings consistent with this opinion.


Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: February 2, 1994

Do Not Publish
1. All citations in this opinion are to the current Open Meetings Act rather than the former Act
because the recent codification did not substantively change the law. Act of May 4, 1993, 73d
Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws 583, 986.
2. [2] On the same day that Lewis filed the sanction motion under review, he also filed a separate
motion for sanctions, joined with his opposition to Gilleland's motion to disqualify Lewis'
attorney. In this sanction motion, Lewis sought attorney's fees as well as the striking of
Gilleland's petition. The record does not show, however, that the trial court considered or ruled
on this sanction motion. Ballard v. King, 652 S.W.2d 767, 769 (Tex. 1983).