Zurich Insurance Company v. Rosie Lee Walker

















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-184-CV

     ZURICH INSURANCE COMPANY,
                                                                              Appellant
     v.

     ROSIE LEE WALKER,
                                                                              Appellee
 
 
From the 87th District Court
Limestone County, Texas
Trial Court # 23-927-B
                                                                                                                 

O P I N I O N
                                                                                                                 

      The appellant, Zurich Insurance Company, appeals from a jury verdict awarding the appellee,
Rosie Lee Walker, workers’ compensation damages for an injury she sustained as an employee of
the Jon-Lin Corporation.


 As a result of the repetitive nature of her job of separating onions to
make frozen onion rings, Walker developed bilateral carpal tunnel syndrome which, after surgery
to correct the malady, developed into a more advanced form. Walker sued Zurich to recover the
workers’ compensation benefits to which she was entitled. The jury found that Walker had
sustained a total and permanent loss of use to both of her hands as a result of the bilateral carpal
tunnel syndrome. On appeal, Zurich complains that the trial court’s judgment must be reversed
because Walker’s trial counsel engaged in improper and prejudicial jury argument which created
incurable harm. Specifically, Zurich complains of six instances during closing argument where
Walker’s counsel overstepped the bounds of propriety by making unwarranted personal attacks on
Zurich’s counsel.
      The burden of proving that improper jury argument occurred rests with the complainant. To
obtain reversal on the basis of improper jury argument, the complainant must prove: (1) an error
was made during the argument; (2) the argument was not invited or provoked; (3) the error was
properly preserved; and (4) the argument was not curable by an instruction, prompt withdrawal,
or reprimand. Standard Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839 (Tex. 1979); Strahan v.
Davis, 872 S.W.2d 828, 836 (Tex. App.—Waco 1994, writ denied). Furthermore, in order to
warrant reversal, a complainant must prove that such argument, by its nature, degree, and extent,
constituted reversibly harmful error, Reese, 584 S.W.2d at 840; Strahan, 872 S.W.2d at 836, and
only when it is more probable than not that an improper judgment resulted from the error will
reversal be required. See Reese, 584 S.W.2d at 840; see also Tex. R. App. P. 44.1(a)(1). To
determine the argument’s probable effect on the judgment, we, as the reviewing court, must
examine the complained-of argument in light of the whole case, beginning with voir dire and ending
with closing argument. Strahan, 872 S.W.2d at 836 (citing Reese, 584 S.W.2d at 840).
      Zurich complains of the following comments made during Walker’s closing argument:
      (1)  Before he got involved and before the insurance company -- the lawyers for the
insurance company got involved, there had never been anybody at Jon Lin that
disputed that this was an on-the-job injury related to her sorting onions. There
had never been anybody at Jon Lin. There had never been a soul from the
insurance company.
. . . .
      (2)  Not one shred of evidence was ever presented to me by anybody that they were
challenging her on-the-job injury until this lawyer and this law firm got involved.
. . . .
      (3)  Ladies and gentlemen, but for this lawyer, but for his attacks on Rosie Walker,
there is not one piece of evidence in this file that she didn’t receive an injury.
. . . .
      (4)  Why didn’t he take his own doctors’ depositions. Zurich has money to pay these
doctors a thousand dollars an hour for their depositions.
. . . .
      (5)  Should you believe Rosie Walker, or should you believe the only person who has
something to gain in this case other than Rosie Walker? Zurich Insurance
Company, ladies and gentlemen, is a big, big insurance company. He wants to
keep representing Zurich Insurance Company. And what will he do today? He
brought no evidence. He brought nothing other than himself. He’s got a stake
in this case. If he loses this case, we don’t know what happens. If he wins this
case, he goes back to Zurich and he’s pounding on his chest, “I’m a great
lawyer. I went down there to Limestone County and proved it.” He’s got a
financial stake in this case, and that’s why they say the things they do. This is
not unusual. I mean, I’ve tried lots of [workers’ compensation] cases.
            . . . .
      (6)  Not a lot of money? Let me tell you this: First of all, I don’t get a third. I get
twenty-five percent of whatever she recovers. And the amount in this case that
she can recover would be somewhere around seventy, seventy-five thousand
dollars. Now, that’s not any more than that foreign sports car that he drove
down here from Dallas. That’s about the cost of that car. He considers that a
lot of money.
 
      Jury argument must be confined strictly to the evidence and arguments of opposing counsel. 
Tex. R. Civ. P. 269(e); Circle Y of Yoakum v. Blevins, 826 S.W.2d 753, 758 (Tex.
App.—Texarkana 1992, writ denied). “Criticism, censure, or abuse of counsel are not permitted.” 
Blevins, 826 S.W.2d at 758. Moreover, such comments not only violate the rules of ethics for
attorneys but cast aspersions on the legal profession in general. See Amelia’s Automotive, Inc. v.
Rodriguez, 921 S.W.2d 767, 774 n.2 (Tex. App.—San Antonio 1996, no writ); see also Tex.
Disciplinary R. Prof’l Conduct 3.04 & cmt. 4, reprinted in Tex. Gov’t Code Ann., tit. 2,
subtit. G app. A (Vernon Supp. 1998) (Tex. State Bar R. art. X, § 9). 
      In regard to the first complained of comment, Zurich objected on the basis that the argument
was “outside the record.” On appeal, Zurich’s complaint is that the comment was an improper and
prejudicial attack on its defense attorney. To preserve error, a complaint on appeal must comport
with the objection lodged at trial. Tex. R. App. P. 33.1(a)(1); Davis v. Campbell, 572 S.W.2d
660, 663 (Tex. 1978); Kershner v. State Bar of Texas, 879 S.W.2d 343, 347 (Tex. App.—Houston
[14th Dist.] 1994, writ denied). Because Zurich’s objection at trial was different than its complaint
on appeal, Zurich has failed to preserve its complaint of comment 1 for our review. Zurich failed
to make any objection to comments 3 and 5, and, even though Zurich did object to comments 4 and
6, after having its objections sustained, Zurich did not request a curative instruction and move for
a mistrial. Consequently, in regard to comments 1 and 3 through 6, Zurich claims that Walker’s
argument was incurable and that no contemporaneous objection or request could have ameliorated
the harm. 
      An objection or request for a curative instruction is not required in order to preserve error if
the error is deemed incurable. Otis Elevator Co. v. Wood, 436 S.W.2d 324, 333 (Tex. 1968);
Austin v. Shampine, 948 S.W.2d 900, 906 (Tex. App.—Texarkana 1997, writ dism’d by agr.);
Rodriguez v. Hyundai Motor Co., 944 S.W.2d 757, 774 (Tex. App.—Corpus Christi 1997, no
writ); see Reese, 584 S.W.2d at 839-40. To determine whether the argument is incurable, the
reviewing court must ascertain how prejudicial the argument is or, in other words, determine if the
argument was “reasonably calculated to cause such prejudice to the opposing litigant that a
withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability
that the argument resulted in an improper verdict.” Texas Employers’ Ins. Ass’n v. Haywood, 153
Tex. 242, 266 S.W.2d 856, 858 (1954); Austin, 948 S.W.2d at 906-07. However, there are only
rare instances when a jury argument will be so egregious as to classify it as “incurable,” Reese,
584 S.W.2d at 839; Strahan, 872 S.W.2d at 836, and even if an argument is “incurable,” reversal
will only occur if harm is found. Tex. R. App. P. 44.1(a)(1); Lumbermen’s Lloyds v. Loper, 153
Tex. 404, 269 S.W.2d 367, 370-71 (1954); Austin, 948 S.W.2d at 907.
      Having reviewed the record, we cannot say that Walker’s comments during closing argument,
while unnecessary, unprofessional, and thus improper, were so egregious to be classified as
incurable. Walker’s argument does not fall into any of the categories of improper argument which
have been found by other courts to be incurable. See, e.g., Amelia’s Automotive, Inc, 921 S.W.2d
at 772-74 (attack on integrity of opposing counsel by questioning counsel’s honesty and stating that
counsel was a convicted felon); Blevins, 826 S.W.2d at 757-58 (accusing opposing counsel of
manufacturing evidence); Texas Employers’ Ins. Ass’n v. Guerrero, 800 S.W.2d 859, 862-63 (Tex.
App.—San Antonio 1990, writ denied) (plea to the jury for “ethnic solidarity”); see also Reese,
584 S.W.2d at 840. Therefore, any harm that might have resulted from comments 1, 3, 4, 5, and
6 could have been cured by an instruction to the jury to disregard the comments and a harsh
reprimand of counsel. Consequently, Zurich’s failure to preserve its complaint at trial forecloses
any complaint on appeal. Tex. R. App. P. 33.1(a); Reese, 584 S.W.2d at 839; Strahan, 872
S.W.2d at 836.
      Having already expressed that we believe all of the complained-of comments were improper,
we turn now specifically to comment 2, which has been properly preserved for our review, to
determine if such improper argument resulted in the rendition of an improper judgment requiring
reversal. See Tex. R. App. 44.1(a)(1). Only if we find this comment to be harmful will we reverse
the judgment. In other words, if we conclude that it was more probable than not that an improper
verdict resulted from the erroneous argument, reversal will be required. See Reese, 584 S.W.2d
at 840; see also id.
      In comment 2, Walker’s counsel specifically references the attorney and law firm representing
Zurich and implies that there was no dispute between Walker and the insurance company until the
case was referred to Zurich’s legal counsel. It was undisputed that Walker had sustained an on-the-job injury--the development of carpal tunnel syndrome in both hands. The only disputed issue at
trial was whether Walker had sustained a total loss of use of both hands or whether she had only
suffered a partial loss of the use of both hands. Zurich’s central argument was, because Walker
was able to continue to work and had taken a job where she was paid a considerably higher salary,
Walker had not suffered a total loss of use of her hands. However, continuing to work or even
acquiring a job which pays more than the one at which the injury occurred is irrelevant to the issue
of whether a total loss of use occurred. See Stahl v. Firemen’s Fund Indem. Co., 295 S.W.2d 473,
475 (Tex. Civ. App.—Waco 1956, no writ); see also Navarette v. Temple Indep. Sch. Dist., 706
S.W.2d 308, 310 (Tex. 1986). 
      Evidence was presented at trial that Walker’s current job as a disciplinary investigator at the
Limestone County Detention Center did not require the constant use of her hands. Furthermore,
the jury was able to observe Walker in court; in fact, during Walker’s testimony, she stepped down
from the witness stand so the jurors could more closely observe her hands. The record indicates
that Walker’s hands had visible knots on them and that her wrists were swollen.
      Based on the evidence presented at trial, we cannot say that, but for the improper arguments
made by Walker’s counsel, the jury would not have found that Walker had sustained a total loss
of the use of her hands. Consequently, because no harm resulted from the improper argument,
reversal of the trial court’s judgment is not required. Zurich’s complaint is therefore overruled.
      Walker asks this court to award her damages against Zurich for filing a frivolous appeal. See
Tex. R. App. P. 45. Walker contends that Zurich’s sole point on appeal is a complaint that Zurich
did not voice at the trial court level. This allegation is false. On appeal, Zurich complains of six
comments made during Walker’s closing argument. Of those six instances, Zurich objected to four
of them and, at the trial’s conclusion, Zurich filed a motion for new trial, the sole basis of which
was that Walker’s counsel had engaged in improper and prejudicial jury argument.
      Before an appellate court may assess damages for a frivolous appeal, it must find that the
appeal was taken for delay and that there was no sufficient cause for the appeal. See id.; Johnson
v. Whitney Sand and Gravel, Inc., 828 S.W.2d 801, 805 (Tex. App.—Waco 1992, no writ). If any
arguable basis for an appeal exists, we will not exercise our discretion by awarding damages for
a frivolous appeal. See General Elec. Credit Corp. v. Midland Cent. Appraisal Dist., 826 S.W.2d
124, 125 (Tex. 1991).
      In light of our conclusion that Walker’s counsel did engage in improper, albeit harmless, jury
argument, we cannot say that Zurich’s appeal was frivolously filed. Walker’s request is therefore
denied.
      The judgment is affirmed.
                                                                               BOBBY L. CUMMINGS
                                                                               Justice
 
 
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
      (Justice Vance concurring)
Affirmed
Opinion delivered and filed February 11, 1998
Do not publish