**Howard Michael ROOB, Appellant,**

v.

**Ilse Renate VON BEREGSHASY, Appellee.**

No. 01–93–00044–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 24, 1993.

Rehearing Denied Dec. 23, 1993.

Stuart B. Collins, Houston, for appellant.

Wilson & Flanz, P.C., Stuart N. Wilson, Houston, for appellee.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

**OPINION**

HUTSON–DUNN, Justice.

Appellant, Howard Michael Roob, appeals from the trial court's summary judgment in favor of appellee, Ilse Renate Von Beregshasy. We affirm.

In two points of error, appellant argues that the trial court erred in denying his motion for continuance and granting the motion for summary judgment. He alleges that

he did not receive 21–days advance notice of the summary judgment hearing. He also asserts that the denial of his motion for continuance was an abuse of discretion.

The appellee moved for summary judgment on or around August 28, 1992. Both the motion and the notice of hearing contain certificates of service stating that true and correct copies of each pleading were forwarded to the appellant by facsimile and by certified mail, return receipt requested, on August 28.

On September 17, appellant filed a verified motion for continuance stating that his counsel did not receive a copy of the motion for summary judgment until September 9. The motion was set for hearing on September 23. He argued that he was afforded less than 21 days to prepare his response, in contravention of TEX.R.CIV.P. 166a(c).

The hearing on appellant's motion for continuance was set for September 21. The docket sheet shows that this motion was denied. A signed judgment shows that the motion for summary judgment was granted on September 23.

In his first point of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment and denying appellant's motion for continuance because appellant had not received 21–days advance notice of the summary judgment hearing. In support of his contention, he cites the following rule: "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R.CIV.P. 166a(c).

■ Rule 21a states: "A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R.CIV.P. 21a. A certificate of service creates a rebuttable presumption that the notice was served. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987); *Cronen v. City of Pasadena,* 835 S.W.2d 206, 209 (Tex.App.—Houston [1st Dist.] 1992, no writ).

In the present case, appellee is entitled to a rebuttable presumption that she effected service because of the certificates of service attached to her motion and notice. *Cronen,* 835 S.W.2d at 209. If appellant does not rebut this presumption, the trial court has not erred in denying the continuance. *Id.*

■ The only proof presented by appellant is his verified motion for continuance, which states that he did not receive the notice until September 9. Appellee filed no response to the motion for continuance. Where a first motion for continuance is in substantial compliance with the rule and is not controverted, this Court must accept the statements in the motion as true. *Verkin v. Southwest Center One, Ltd.,* 784 S.W.2d 92, 94 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The trial court has no discretion to reject uncontroverted facts set out by a party in a sworn motion for continuance. *Id.* If we accept as true appellant's statement that he received neither a copy of the motion for summary judgment nor notice of the summary judgment hearing on September 9, then appellant received only 14–days notice of the hearing. The rule requires 21–days notice. *Cronen,* 835 S.W.2d at 208; TEX. R.CIV.P. 166a(c).

■ Appellee points out that no record was made of the hearing on the continuance, and there is therefore no evidence before this Court regarding the appellant's lack of notice. The transcript contains a notice of hearing on appellant's motion for continuance. No record of that hearing is before us as appellant did not file a statement of facts. Appellant has the burden to present a sufficient record. *Salley v. Houston Lighting & Power,* 801 S.W.2d 230, 232 (Tex.App.—Houston [1st Dist.] 1990, writ denied); TEX. R.APP.P. 50(d). We must presume that evidence presented at that hearing supports the ruling. *Id.*

We overrule point of error one.

In point of error two, appellant complains, citing rule 166a(g), that the trial court's denial of the motion for continuance was an abuse of discretion.

Should it appear from the affidavits of a party opposing the motion that he cannot

for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

TEX.R.CIV.P. 166a(g).

In his verified motion to the trial court, appellant stated that appellee had two years to prepare and file her motion for summary judgment, while he was afforded less than 14 days; that he needed to depose several experts in London; and that appellant was out of the country, could not be contacted, and would not return until well after the hearing date. Appellant argues that the trial court erred in denying this uncontroverted evidence that additional discovery was needed.

■ The grant or denial of a motion for continuance is within the sound discretion of the trial court. *State v. Wood Oil Distrib., Inc.* 751 S.W.2d 863, 865 (Tex.1988); *Cronen,* 835 S.W.2d at 209. The trial court's ruling will not be disturbed unless the record shows a clear abuse of discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986); *Cronen,* 835 S.W.2d at 208.

■ The entire record must be examined in a review for abuse of discretion regarding a motion for continuance. *Garza v. Serrato,* 699 S.W.2d 275, 281 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Without a record of the evidence presented to the trial court at the hearing on motion for continuance, we must presume that the evidence supports the ruling. *Salley,* 801 S.W.2d at 232.

We overrule point of error two.

We affirm the judgment of the trial court.