2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MANUEL URRUTIA,


 Appellant,


v.


JOSE A. ALICEA, M.D.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00380-CV



Appeal from the


41st District Court


of El Paso County, Texas 


(TC# 99-1847)


MEMORANDUM OPINION


 Appellant Manuel Urrutia appeals from the trial court's grant of summary
judgment in favor of appellee Jose A. Alicea, M.D. We affirm.Facts

 Manuel Urrutia injured himself at work on June 14, 1996. Mr. Urrutia went to see
Dr. Jose A. Alicea on July 11, 1996. Dr. Alicea diagnosed the injury as chondromalacia
of the patella of traumatic origin or traumatic patellofemoral pain. On August 30, 1996,
when Mr. Urrutia did not improve as expected, Dr. Alicea ordered a Magnetic Resonance
Imaging (MRI) test. The MRI was administered at another medical facility and read by a
radiologist, whose reading Alicea relied upon. An affidavit from Dr. Alicea claims that,
"It is within the standard of care in this community for a physician of orthopedics to rely
on a radiologist reading of an MRI." Dr. Alicea last saw Mr. Urrutia on January 8, 1997.

 On June 2, 1997, Mr. Urrutia was diagnosed with a partial quadriceps tear by a Dr.
Donald Watson using the same MRI. This appears to be the moment that he became
aware of the misdiagnosis. He underwent a quadriceps tendon repair on June or July 18,
1997. William P. Curran, Jr., M.D., offered an affidavit alleging that Dr. Alicea's care of
Mr. Urrutia was below the required standard of care and that the "failure to recognize Mr.
Urrutia's quadriceps tendon care caused Mr. Urrutia to undergo a prolonged period of
nonoperative treatment and subsequent work loss, as well as work modifications." In Dr.
Curran's opinion, "Mr. Urrutia had reached maximum medical improvement on February
17, 1998 and had a total body impairment of 5%, which was awarded for residual pain
and weakness based on Dr. Xeller's examination."

 Mr. Urrutia notified Dr. Alicea of his claim on January 7, 1999. An original
petition was filed with the trial court on May 28, 1999. On February 28, 2002, Dr. Alicea
filed a motion for summary judgment, claiming the suit was barred by the statute of
limitations. Plaintiff responded on March 18 that the statute of limitations was tolled by
the fraudulent concealment by Dr. Alicea. He claimed that Dr. Alicea "fraudulently
concealed the fact that he failed to disclose to [Mr. Urrutia] that he was negligent in his
diagnosis of [his] real physical problem. Clearly, a failure to disclose to [Mr. Urrutia] the
fact that he had a partial tear of his quadriceps tendon rather than a knee problem was a
negligent act by [Dr. Alicea]." The response also raises the fact that Dr. Alicea had not
provided an answer, and thus no discovery had been done in the case. There was an
answer provided, however, it was not provided until February 13, 2002. On June 5, 2002,
the trial judge granted summary judgment.

Standard of Review

 Summary judgment is proper only when the movant shows that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law. Shah v. Moss,
67 S.W.3d 836, 842 (Tex. 2001); Nixon v. Mr. Property Management Co., 690 S.W.2d
546, 548-49 (Tex. 1985); Tex. R. Civ. P. 166a(c). A defendant moving for summary
judgment on a statute of limitations affirmative defense must prove conclusively that
cause of action. Shah, 67 S.W.3d at 842 (citing Velsicol Chemical Corp. v. Winograd,
956 S.W.2d 529, 530 (Tex. 1997)). In reviewing a trial court's decision to grant summary
judgment, we resolve all doubts against the movant and view all evidence in the light
most favorable to the nonmovants. Id. (citing KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991)). In determining whether a disputed material fact issue
exists, we take as true evidence favorable to the nonmovant. Id. (citing American
Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997)).


Limitations had expired

 In his motion for summary judgment, Dr. Alicea established that the period of
limitations had expired by the time suit was filed in this matter. The applicable statute of
limitations is found in article 4590i, section 10.01 of the Texas Civil Statutes:

 Notwithstanding any other law, no health care liability claim may be
commenced unless the action is filed within two years from the occurrence
of the breach or tort or from the date the medical or health care treatment
that is the subject of the claim or the hospitalization for which the claim is
made is completed. . . .


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp. 2003). Under section
10.01, the statute of limitations begins to run on one of three possible dates: (1) the date
of the occurrence of the breach or tort, (2) the date of the health care treatment that is the
subject of the claim is completed, or (3) the date of the hospitalization for which the claim
is completed. Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex. 1987). In addition, notice
of claim to the defendant can toll the statute of limitations "to and including a period of
75 days following the giving of the notice, and this tolling shall apply to all parties and
potential parties." Tex. Rev. Civ. Stat. Ann. art. 4590i, § 4.01(a), (c) (Vernon Supp.
2003).

 Urrutia's petition was not timely filed, even when the latest applicable date is used
to calculate the statute of limitations. His final date of treatment with Dr. Alicea was
January 8, 1997. Notice of Mr. Urrutia's claim was received at the offices of Dr. Alicea
on January 7, 1999. (1) The petition was not filed in the trial court until May 28, 1999. This
is well past the expiration of the extended time period for filing a petition.

Fraudulent concealment not established

 Because we conclude that Mr. Urrutia did not file suit within the appropriate
period of limitations, the decision of the trial court must be upheld unless the record
reveals a fact issue regarding fraudulent concealment. Thames v. Dennison, 821 S.W.2d
380, 384 (Tex. App.--Austin 1991, writ denied). Fraudulent concealment is an equitable
doctrine of estoppel which estops a defendant from relying on the statute of limitations as
an affirmative defense to the plaintiff's claim. Borderlon v. Peck, 661 S.W.2d 907, 908
(Tex. 1983).

 Where a defendant is under a duty to make disclosure but fraudulently
conceals the existence of a cause of action from the party to whom it
belongs, the defendant is estopped from relying on the defense of
limitations until the party learns of the right of action or should have
learned thereof through the exercise of reasonable diligence. . . . Because
the physician-patient relationship is one of trust and confidence, Texas
recognizes a duty on the part of the physician to disclose a negligent act or
fact that an injury has occurred.


Id. Fraudulent concealment tolls the limitations in a medical negligence case until the
patient discovers the fraud or could have discovered the fraud with reasonable diligence. 
Id. at 909. Proof of fraudulent concealment requires more than evidence that the
physician failed to use ordinary care. Earle v. Ratliff, 998 S.W.2d 882, 888 (Tex. 1999). 
In order to establish fraudulent concealment, the plaintiff must show the health-care
provider actually knew a wrong occurred, had a fixed purpose to conceal the wrong, and
did conceal the wrong from the patient. Id.

 Whereas fraud is a common-law cause of action, fraudulent concealment is a
defense or plea in avoidance to the running of limitations. Estate of Fawcett, 55 S.W.3d
214, 219 n.2 (Tex. App.--Eastland 2001, pet. denied). Fraudulent concealment must be
pleaded by the plaintiff in a case where the defendant attempts to hide information about
the plaintiff's cause of action. Id. This is in line with the general rule that a matter in
avoidance of the statute of limitations must be pleaded and proved by the plaintiff in a
case. Willis v. Maverick, 760 S.W.2d 642, 647 (Tex. 1988). Urrutia never amended his
petition to include this allegation, and thus the matter was waived.

 However, even if the matter were not waived, Mr. Urrutia has failed to fulfill the
burden to avoid summary judgment. Mr. Urrutia must raise a genuine issue of material
fact establishing knowledge and concealment by Dr. Alicea. Mr. Urrutia's response to
the motion for summary judgment attempts to liken potentially negligent acts by Dr.
Alicea with fraudulent concealment, but does not establish the knowledge or concealment
requirements. The appendix of the response has three affidavits: one from Dr. Curran
stating that he thinks Dr. Alicea's treatment of Mr. Urrutia fell below the proper standard
of care in not properly diagnosing and treating the partial quadriceps tear; one from Dr.
Alicea relating his failure to receive the original petition and recounting what happened in
the treatment of Mr. Urrutia; and one from Mr. Monty B. Roberson, counsel for Mr.
Urrutia, requesting a continuance "to secure a complete copy of Plaintiff's file in order to
determine if there is information in the file which would assist Plaintiff in determining
whether Defendant was aware of some negligent act that he failed to inform Plaintiff of." 
None of this information raises a grain of evidence establishing that Dr. Alicea knew a
wrong occurred or that he tried to conceal that information from Mr. Urrutia. For this
reason, this Court must agree with the judgment of the trial court that no issue of fact
suggesting Dr. Alicea fraudulently concealed any wrongdoing is raised.

Lack of discovery

 As part of his argument here, Urrutia claims that he was entitled to time for
discovery before summary judgment was considered. (2) In his first response to the motion
for summary judgment, counsel for Mr. Urrutia properly attaches an affidavit with a
motion for continuance. Apparently, this motion was denied. The grant or denial of a
motion for continuance is within the sound discretion of the trial court. Roob v. Von
Beregshasy, 866 S.W.2d 765, 767 (Tex. App.--Houston [1st Dist.] 1993, writ denied). 
The trial court's ruling will not be disturbed unless the record shows a clear abuse of
discretion. Id. (citing Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986)). Of course,
the record must be examined to determine whether the decision of the trial judge was an
abuse of discretion; however, "[w]ithout a record of the evidence presented to the trial
court at the hearing on motion for continuance, we must presume that the evidence
supports the ruling." Id. (citing Salley v. Houston Lighting & Power, 801 S.W.2d 230,
232 (Tex. App.--Houston [1st Dist.] 1990, writ denied)). We do not have a transcript of
that hearing, so we cannot say that the trial judge abused her discretion in refusing the
continuance and granting summary judgment. Urrutia's sole point of error is overruled.

Conclusion

 For the foregoing reasons, the judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

May 1, 2003


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

1. Urrutia did not plead or argue the open courts exception to the two-year statute, nor
would that exception help him, as he discovered the misdiagnosis in June 1997, well before
limitations expired.
2. In support of this contention, he refers the Court to the cases of Verkin v. Southwest
Center One LTD., 784 S.W.2d 92 (Tex. App.--Houston [1st Dist.] 1989, writ denied), and
"Navell v. Roberts, 88 S.W.2d 402," for this proposition. Navell, as cited, appears to actually be
Wavell v. Roberts, 818 S.W.2d 462 (Tex. App.--Corpus Christi 1991, writ denied).