MEMORANDUM OPINION

No. 04-03-00654-CV

Larry D. SKINNER,
Appellant

v.

Becky WEST, Ira West, Sarah West, Helen Mariner, and Larry Mariner,
Appellees

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 24,352
Honorable Thomas F. Lee, Judge Presiding
 
Opinion by:    Sarah B. Duncan, Justice
 
Sitting:            Catherine Stone, Justice
Sarah B. Duncan, Justice
Karen Angelini, Justice
 
Delivered and Filed:   April 6, 2005

AFFIRMED
            Larry D. Skinner appeals the trial court’s summary judgment against him in his suit against
Becky, Ira, and Sarah West, and Helen and Larry Mariner for defamation, tortious interference with
contract and prospective contract, invasion of privacy, intentional infliction of emotional distress,
and conspiracy arising out of statements they made in written complaints submitted to the school
district that employed Skinner as a head coach. We affirm the trial court’s judgment.
            1.         Skinner first argues the trial court abused its discretion in denying his July 28, 2003
verified motion for an extension of time in which to respond to the appellees’ motions for summary
judgment and to continue the August 1, 2003 summary judgment hearing because he did not receive
a copy of the Wests’ motion for summary judgment until July 21, 2003


 and did not receive a copy
of the Mariners’ motion for summary judgment until July 17, 2003. Accordingly, Skinner argues,
he did not receive the notice of the summary judgment hearing required by Rule 166a(c) of the Texas
Rules of Civil Procedure. Tex. R. Civ. P. 166a(c) (“Except on leave of court, with notice to opposing
counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days
before the time specified for hearing.”). However, it is undisputed that Skinner attended the August
1 hearing; he has not provided us with a copy of the reporter’s record of the hearing; and the record
contains a fiat, signed by the trial judge on May 13, 2003, setting the Wests’ motion for summary
judgment for hearing on August 1, 2003 at 1:30 p.m. and indicating that a copy was mailed to
Skinner. Similarly, the record contains a notice to Skinner that the Mariners’ motion for summary
judgment would be set for hearing on August 1, 2003 at 1:30 p.m. The notice indicates it was sent
to Skinner on June 18, 2003, by certified mail, return receipt requested; however, the notice was
returned as unclaimed after three notices. The record also contains a fiat, signed by the trial judge
on July 14, 2003, setting the Mariners’ motion for summary judgment for hearing on August 1, 2003
at 1:30 p.m. Under these circumstances, we cannot conclude the trial court clearly abused its
discretion in denying Skinner’s motion for an extension of time in which to respond to the motions
and to continue the hearing. See Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex.
2004) (“When reviewing a trial court’s order denying a motion for continuance, we consider whether
the trial court committed a clear abuse of discretion on a case-by-case basis. A trial court abuses its
discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.”); Roob v. Von Beregshasy, 866 S.W.2d 765, 766 (Tex. App.–Houston [1st
Dist.] 1993, writ denied) (Without a record of the hearing on motion for continuance, “we must
presume that evidence presented at that hearing supports the ruling.”). Nor can we reach this
conclusion on Skinner’s second ground: he needed additional time “to seek legal counsel, complete
discovery and depositions and properly respond to the [s]ummary [j]udgment motions ....” Skinner’s
attorney’s January 28, 2003 motion to withdraw states that Skinner “was informed approximately
two (2) months ago that [his attorney] would be withdrawing from this lawsuit,” and that a copy of
the motion to withdraw was being served on Skinner. Moreover, the trial court’s order permitting
Skinner’s attorney to withdraw (because Skinner refused to sign or discuss a proposed contract) and
ordering “that all future notices regarding this case shall be delivered to PLAINTIFF, LARRY D.
SKINNER, at his last know address, 123 Peace Pipe Trail, Del Rio, Texas 78840” was signed by the
trial judge on January 30, 2003 – six months before the summary judgment hearing. See Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986) (“‘absence of counsel will not be good cause for a
continuance or postponement of the cause when called for trial, except it be allowed in the discretion
of the court, upon cause shown or upon matters within the knowledge or information of the judge
to be stated on the record’”) (quoting Tex. R. Civ. P. 253). Under these circumstances, and
particularly with no record of the hearing, we cannot conclude the trial court abused its discretion
in denying Skinner’s motion on the lack of counsel ground.
            2.         Finally, Skinner argues the trial court erred in granting the appellees’ motions for
summary judgment, because the appellees “each failed to establish that (1) an adequate time for
discovery had passed, (2) that there is no evidence of one or more essential elements of a claim or
defense on which the non-movant has the burden of proof at trial, (3) the identification of the non-movants claim or defense and the listing of its elements, (4) the identification of the element on
which there is no evidence.” However, these requirements relate to a no-evidence motion for
summary judgment under Rule 166a(i), not traditional motions under Rule 166a(c). See and compare
Tex. R. Civ. P. 166a(i) and Tex. R. Civ. P. 166a(c). The appellees’ motions were traditional motions
and thus not subject to the requirements for no-evidence motions. Accordingly, the trial court’s
judgment is affirmed.
 
Sarah B. Duncan, Justice