**AFFIRM; and Opinion Filed November 9, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01398-CV

### BELINDA ANNETTE GARZA, Appellant
### V.
### REINALDO LLAMAS, Appellee

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-24445**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Boatright

Belinda Annette Garza appeals a final decree rendered by the district court to effectuate

Garza's divorce from appellee Reinaldo Llamas. In a single issue, Garza contends that the court

abused its discretion in denying her motion for continuance. We affirm.

On November 14, 2016, Llamas filed a pro se petition to annul the marriage. In December

2016, the court notified the parties that it would conduct a hearing on May 18, 2017, regarding

whether to dismiss Llamas's case for want of prosecution. Llamas subsequently retained counsel

and filed an amended petition on May 15, 2017, in which he sought an annulment, or alternatively,

a divorce. The court signed an order four days later, on May 19, dismissing the case for want of

prosecution. Llamas filed a motion to reinstate, which the court granted in an order signed on June

13, 2017. The reinstatement order set the case for trial on August 16, 2017. *See* Tex. R. Civ. P.

245 (requiring at least forty-five days' notice of a first trial setting). Garza claims that the court did not consult with the parties' counsel regarding their availability for the trial date.

Garza filed a motion for continuance on August 3, thirteen days before the August 16 trial setting. The motion was verified by Garza's counsel, Steve Lopez, a Corpus Christi attorney, who averred that the August 16 setting in Dallas County conflicted with four of his cases set for trial in Nueces County. Lopez also averred that Garza was scheduled to be out of state from July 29, 2017, through August 19, 2017, including on the scheduled trial date. Llamas did not file a response to Garza's motion.

On August 15, the day before trial, Garza filed a counter-petition for divorce, to which Llamas filed special exceptions and a motion to strike. The following day, after a pre-trial hearing, the court struck Garza's counter-petition. The court's order also declined to grant a continuance, thereby implicitly overruling Garza's motion for continuance, TEX. R. APP. P. 33.1(a)(2)(a), and directed that the case would proceed to trial as originally scheduled.[1] The court conducted a bench trial that same day, on August 16. Garza did not attend the trial, but her counsel appeared and cross-examined Llamas's witnesses. The court signed the final decree of divorce on September 8, 2017. Among other terms, the decree awarded Llamas $30,000, plus interest, for medical expenses incurred during the marriage. The decree also ordered Garza to pay Llamas $3,380, which was his half of a 2016 income tax refund. Garza filed a motion for new trial which asserted, among other grounds, that the court abused its discretion in denying her request for a continuance. The motion for new trial was overruled by operation of law, and this appeal followed.

The court's denial of a motion for continuance is reviewed for an abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Such a denial will be reversed only if the

---

[1] No reporter's record was made of the August 16 pre-trial hearing. In the absence of such a record, one of our sister courts has presumed that the evidence from the hearing supports the court's ruling on the motion for continuance. *Roob v. Von Beregshasy*, 866 S.W.2d 765, 766 (Tex. App.—Houston [1st Dist.] 1993, writ denied). However, Garza's counsel represents that the hearing in this case contained only arguments by counsel. We therefore will not make such a presumption here.

court's action was arbitrary, unreasonable, or without reference to any guiding rules or principles. *Garner v. Fidelity Bank, N. A.,* 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.). Garza recites several factors that in her view required a continuance of the trial date. She states that "[t]his was the first trial setting," and it was "made by the [c]ourt after the case was reinstated after being dismissed for want of prosecution." She also urges that "this was the First Motion for Continuance" and that the "underlying case did not involve minor children or any other emergency relief pleaded." In addition, she relies on case law that the court must accept as true uncontroverted statements made in a sworn motion for continuance that is in substantial compliance with the Texas Rules of Civil Procedure. *E.g., Roob v. Von Beregshasy*, 866 S.W.2d 765, 766 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Garza v. Serrato*, 699 S.W.2d 275, 281 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). In light of the foregoing considerations, Garza argues that the district court abused its discretion in denying her motion for continuance. She contends that the court's ruling foreclosed her from personally appearing at the trial to testify or to present evidence.

Llamas responds that Garza did not verify in her motion why she needed to be out of state on the day of trial, nor did Garza explain why the motion was not filed as soon as she received notice of the trial setting. In Llamas's view, Garza must have "planned the trip out-of-state with full knowledge of the trial date." Llamas also faults Garza for not seeking any discovery during the nine months after she filed her original answer.

A continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. The mere absence of a party does not automatically entitle her to a continuance. *Humphrey v. Ahlschlager*, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ). Instead, the party who will be absent must also show such things as (i) the diligence used to arrange for the presence of the party, (ii) that the conflicting business engagements could not be rescheduled, (iii) that the nature of the business engagements

was such as to require the personal presence of the party, and that (iv) the party could not be represented at the conflicting engagements by someone else. *Hoggett v. Zimmerman, Axelrad, Meyer, Stern & Wise, P.C.*, 63 S.W.3d 807, 811 (Tex. App.—Houston [14th Dist.] 2001, no pet.). In addition, if the motion for continuance is based on the absence of testimony, "the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony." TEX. R. CIV. P. 252.

"[T]he motion should contain some prognosis as to when or if the witness will ever be able to testify." *Humphrey*, 778 S.W.2d at 483. Accordingly, Garza's motion set forth the dates that she would be out of state, thereby implying that she would be available for trial once she returned. Her appeal brief also refers to an affidavit—filed in support of her motion for new trial—which describes the facts that she would have testified to if the court had granted a continuance. The affidavit claims that Llamas was seeing other women and became abusive towards Garza when she discovered his indiscretions. Garza also averred that Llamas's health insurance, which was based on Garza's policy, paid for Llamas's treatment for a stroke that he suffered in February 2016. Her appeal brief contends that the foregoing testimony would have rebutted Llamas' clam that his health insurance did not cover his medical bills as a result of Garza's purported cancelation of his policy. Her motion for new trial also argued that the court would have rendered a judgment more favorable to her had her request for a continuance been granted so that she could testify at trial.

Llamas counters that Garza's affidavit is not properly part of the appellate record because it was filed in support of her motion for new trial, not her motion for continuance, and the motion for new trial was never set for hearing. We have indeed held that, where a record fails to show that the defendant attempted to obtain a timely hearing on its motion for new trial, no abuse of discretion was shown regarding the court's failure to grant the motion. *Shamrock Roofing Supply,*

*Inc. v. Mercantile Nat'l Bank at Dallas*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ). However, "[t]he entire record must be examined in a review for abuse of discretion regarding a motion for continuance." *Roob*, 866 S.W.2d at 767. We will therefore consider Garza's affidavit, among other documents in the record, in deciding her appeal. As described previously, Garza's verified motion for continuance stated only that she was scheduled to be out of state on the date of trial, and her affidavit in support of her motion for new trial said nothing regarding her absence from the trial. In sum, nowhere does the record explain why Garza needed to be out of state on the trial date or why her out-of-state engagement could not be rescheduled. Accordingly, Garza has not shown "sufficient cause" to warrant the continuance of the trial, as is required by Rule 251. We hold that the district court did not abuse its discretion in denying Garza's motion for continuance. We overrule Garza's sole issue and affirm the court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

171398F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BELINDA ANNETTE GARZA, Appellant

No. 05-17-01398-CV     V.

REINALDO LLAMAS, Appellee

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-16-24445.
Opinion delivered by Justice Boatright.
Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee REINALDO LLAMAS recover his costs of this appeal from appellant BELINDA ANNETTE GARZA.

Judgment entered this 9th day of November, 2018.